**Bennie JEFFERY, Plaintiff,**

v.

**DALLAS COUNTY MEDICAL EXAMINER, Defendant.**

**Civil Action No. 3:97–CV2019L.**

United States District Court, N.D. Texas, Dallas Division.

Feb. 23, 1999.

---

Bennie Jeffery, Dallas, TX, pro se.

Bill Hill, District Attorney, Elizabeth P. Ardanowski, Assistant District Attorney, Dallas, TX, for defendant.

## MEMORANDUM OPINION AND ORDER

LINDSAY, District Judge.

Before the court are Plaintiff's Motion for Summary Judgment, filed October 23, 1998, and Defendant's Motion for Summary Judgment, filed November 23, 1998. Upon careful consideration of the motions, responses, replies, and the applicable law, the court has determined that for the reasons that follow, Defendant's Motion for Summary Judgment is granted, and Plaintiff's Motion for Summary Judgment is denied.

## I. Procedural and Factual Background

Plaintiff contends that he has suffered discrimination on account of his race and retaliation by Defendant in violation of Title VII, 42 U.S.C. § 2000e, *et seq.* Defendant denies discriminating against Plaintiff on account of his race and maintains that it treats all employees equally. Defendant also denies Plaintiff's claim of retaliation.

At all times material to this case, Plaintiff Bennie Jeffery was employed as a morgue clerk at the Institute of Forensic Sciences ("IFS"). Plaintiff continues to hold that position with IFS.[1] Plaintiff claims that he was treated differently than his non-black counterparts and stereotyped due to his race, and subjected to racial harassment because he listens to "rap" music and wears gold jewelry.[2] On September 20, 1996, Plaintiff filed a Charge of Discrimination (the "First Charge") stating that through these actions Defendant had discriminated against him based upon his race, in violation of Title VII of the Civil Rights Act of 1964.[3] Approximately three months later, Plaintiff filed another Charge of Discrimination, claiming that he had been retaliated against for filing the First Charge.[4] Plaintiff alleges that Defendant retaliated against him by tampering with his work and computer files, accusing him of improperly performing his job, and disciplining him for errors in his work that were actually caused by tampering.[5] He further asserts that Defendant also retaliated against him by tampering with his time sheet and changing his four-year schedule to another shift.[6] Plaintiff

---

1. Appendix to Defendant's Brief in Support of Motion for Summary Judgment ("Defendant's App."), pp. 21–24.

2. Plaintiff's first Charge of Discrimination, filed September 20, 1996 ("First Charge").

3. *Id.*

4. Plaintiff's second Charge of Discrimination, filed December 30, 1996 ("Second Charge").

5. *Id.*

6. Plaintiff's Amended Complaint at p. 3.

received notice of his right to sue on both charges on or about June 18, 1997.

## II. Summary Judgment Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir.1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Ragas*, 136 F.3d at 458.

Once the moving party has made an initial showing that there is no evidence to support the non-moving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir.1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support Plaintiff's opposition to Defendants' motion. *Id., Skotak v. Tenne-co Resins, Inc.*, 953 F.2d 909, 915–16 & n. 7 (5th Cir.), *cert. denied*, 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548.

## III. Defendant's Motion for Summary Judgment

Defendant argues that there is no genuine issue of material fact present in the record concerning Plaintiff's claims of race discrimination and retaliation. Although it is unclear whether Plaintiff also intended to plead a claim for a racially hostile working environment, Defendant also argues that to the extent the court construes Plaintiff's pleadings to include such a claim, it is entitled to summary judgment on that claim as well. Defendant further asserts that this case should be dismissed because Plaintiff has not properly served it with a summons and complaint as required by the Federal Rules of Civil Procedure, and that is not a proper party to this action.

### A. Proper Parties to this Suit

■ Defendant argues that this case should be dismissed because the Dallas County Medical Examiner is not a proper party. It is undisputed that Defendant Dallas County Medical Examiner is a departmental subdivision of Dallas County, Texas. Dallas County has not given the Medical Examiner the power to sue or be sued; therefore, the Medical Examiner cannot be sued as an independent entity. *See Darby v. Pasadena Police Dept.*, 939

F.2d 311, 313 (5th Cir.1991). Thus, the Dallas County Medical Examiner has no separate jural existence and is not a proper party to this suit. For this reason, Plaintiff's claims against the Dallas County Medical Examiner should be dismissed with prejudice.

### B. *Plaintiff's Discrimination Claim*

██ Even if the court presumes that Plaintiff did sue the proper party, Defendant is further entitled to summary judgment on the merits of Plaintiff's claims. The court is required to examine Plaintiff's race discrimination claim under the well established burden-shifting analysis articulated in *McDonnell Douglas v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under the first part of this analysis, Plaintiff is required to set out a prima facie case of discrimination. *Deffenbaugh–Williams v. Wal–Mart Stores, Inc.*, 156 F.3d 581, 587 (5th Cir.1998). The elements of Plaintiff's prima facie case are that he (1) is a member of a protected class; (2) was qualified for his position; (3) was subjected to an adverse employment action; and (4) was replaced by someone outside the protected class.[7] *Id.; Ward v. Bechtel Corp.*, 102 F.3d 199, 202 (5th Cir. 1997).

Defendant does not appear to question the first two prongs of Plaintiff's prima facie case—that he belongs to a protected class of persons and was qualified for his position of morgue clerk. To satisfy the "adverse employment action" prong of his prima facie case, Plaintiff must show that Defendant took "ultimate employment action" against him. *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 705–07 (5th Cir.), *cert. denied*, ⸺ U.S. ⸺, 118 S.Ct. 336, 139 L.Ed.2d 260 (1997). Defendant argues that Plaintiff did not experience an "ultimate employment action" as intended by Title VII, and thus Plaintiff has failed to establish the third part of his prima facie case.

██ Title VII focuses on "ultimate employment decisions" such as hiring, firing, granting leave, discharging, promoting, and compensating. *Id.* at 707; *Dollis v. Rubin*, 77 F.3d 777, 782 (5th Cir.1995). The statute is not intended to address other employment-related decisions that may have some tangential effect on an ultimate employment decision but are not ultimate employment decisions in and of themselves. *Id.* The Fifth Circuit has provided numerous examples of employment actions which are not ultimate employment decisions within the purview of Title VII. In *Mattern*, the court held that hostility from fellow employees, having tools stolen, and the anxiety resulting therefrom were not ultimate employment decisions. 104 F.3d at 707. Denial of administrative complaints and internal grievances also do not meet the standard. *Dollis*, 77 F.3d at 782. Changing an employee's work schedule, hours, or increasing an employee's workload are merely administrative decisions and do not constitute the type of ultimate employment decisions contemplated by Title VII. *Benningfield v. City of Houston*, 157 F.3d 369, 377 (5th Cir.1998). Furthermore, while formal reprimands may be ultimate employment decisions, informal criticisms are not. *Id.*

In his pleadings and summary judgment response, Plaintiff alleges the following instances of discrimination: a supervisor's comments that he wore gold jewelry and listened to "gangsta rap," being "held back due to these ongoing stereotypes," that his work and time sheets were "tampered with," that he was targeted for "wrongful write-ups" and accused of not properly performing his job, that his work schedule was changed from the night to the evening shift, that there was a "stressful hostile environment" at IFS, and a memorandum "personally targeted" at Plaintiff was post-

---

7. The elements of a plaintiff's prima facie case may vary depending on the facts of the case and the nature of the claim. *LaPierre v.* *Benson Nissan, Inc.*, 86 F.3d 444, 448 n. 3 (5th Cir.1996), *citing McDonnell Douglas*, 411 U.S. at 802 n. 13, 93 S.Ct. 1817.

ed in the workplace.[8] On their face, several of the incidents alleged are not considered ultimate employment actions as defined by the Fifth Circuit. Plaintiff's shift change, the "tampering" with his work and time sheets, criticism of Plaintiff's work performance, and the posting of the memorandum (Plaintiff has provided no information regarding the memorandum's contents) do not meet the standard. *See Benningfield,* 157 F.3d at 377; *Mattern,* 104 F.3d at 707.

Plaintiff's accusations regarding his supervisor's race-related comments and a hostile work environment would only rise to the level of an ultimate employment action if Plaintiff claimed that he was constructively discharged due to the hostile working environment. *Mattern,* 104 F.3d at 709. It is undisputed that Plaintiff continues to be employed at IFS. Therefore, in this situation, an alleged hostile working environment will not be an ultimate employment action as contemplated by Title VII.[9]

■ The only possible ultimate employment decisions pleaded by Plaintiff are his allegation that he was "held back" due to racial stereotypes and the "wrongful write-ups," if it is shown that these "write-ups" were actually formal reprimands. Promotion decisions and formal disciplinary actions are considered ultimate employment decisions under Title VII. *Id.* at 707; *Dollis,* 77 F.3d at 782. Therefore, Plaintiff may be able to establish this prong of his prima facie case if he sets forth evidence raising a fact issue concerning Defendant's failure to promote him or its decision, if any, to formally reprimand him.

■ Plaintiff has failed to do so. The conclusory allegations found in Plaintiff's pleadings and brief do not constitute competent summary judgment evidence and will not allow Plaintiff to avoid summary judgment. *Eason,* 73 F.3d at 1325. Plaintiff has not directed the court to any record evidence whatsoever in support of either of these allegations, and the court has not discovered any such evidence in its own review of the record. There is no evidence showing that Plaintiff has ever been eligible for or applied to receive a promotion at IFS. There is also no evidence reflecting a formal reprimand of Plaintiff. Rather, the summary judgment record shows that Plaintiff (along with most of his co-workers) received ongoing informal counseling regarding the morgue paperwork they were required to complete.[10] The "error reports" provided to Plaintiff through this process were part of every employee's training at IFS and are not viewed as discipline.[11] These reports ensure that employees are aware of departmental requirements and that morgue records conform to appropriate standards.[12] While repeated errors may eventually lead to disciplinary action, there is no evidence that this took place in Plaintiff's case.[13] Therefore, Plaintiff has failed to establish a prima facie case of race discrimination. There is no genuine issue of material fact present in the record concerning Plaintiff's Title VII race discrimination claim, and Defendant is entitled to judgment as a matter of law. Summary judgment should be granted in Defendant's favor on this claim.

## C. *Plaintiff's Retaliation Claim*

■ To prevail on his retaliation claim, Plaintiff must establish the following elements: (1) he engaged in activity protect-

---

8. Amended Complaint at pp. 2–3; Plaintiff's Brief in Support of Opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Brief") at pp. 1–2.

9. To the extent that Plaintiff has arguably pleaded a cause of action for a racially hostile working environment, it will be addressed later in this opinion.

10. Defendant's App. at p. 23.

11. *Id.*

12. *Id.*

13. *Id.*

ed by Title VII; (2) Defendant took adverse employment action against him; and (3) a causal connection exists between that protected activity and the adverse employment action. *Mattern,* 104 F.3d at 705; *Shirley v. Chrysler First, Inc.,* 970 F.2d 39, 42 (5th Cir.1992). Plaintiff has clearly established the first element of his claim, that he engaged in activity protected by Title VII when he filed his First Charge with the EEOC.

Next, Plaintiff must be able to show that Defendant took adverse employment action against him. An ultimate employment action is required in order to establish this element of a retaliation claim. *Mattern,* 104 F.3d at 709. As is discussed above, Plaintiff has provided no competent summary judgment evidence indicating that an ultimate employment action may have been taken against him. Therefore, Plaintiff has failed to raise a fact issue concerning this element of his retaliation claim, and this claim must fail as a matter of law. Defendant is entitled to summary judgment on Plaintiff's retaliation claim.

### D. *Plaintiff's Hostile Work Environment Claim*

In the course of pleading his discrimination claim, Plaintiff has made mention of a hostile working environment at IFS. Because Plaintiff is proceeding pro se, the court will liberally construe his pleadings to include a claim for a racially hostile working environment. *See Johnson v. Atkins,* 999 F.2d 99, 100 (5th Cir. 1993). Harassment that does not culminate in an adverse employment decision must be severe or pervasive. *Indest v. Freeman Decorating, Inc.,* 164 F.3d 258, 264 (5th Cir.1999); *Butler v. Ysleta Independent School Dist.,* 161 F.3d 263, 269 (5th Cir.1998). Furthermore, Plaintiff must show that the environment was both objectively offensive, meaning that a reasonable person would see it as hostile or abusive, and that he in fact perceived it as so.

*Butler,* 161 F.3d at 269. Isolated, offhand comments, discourtesy, and rudeness do not meet this standard. *Indest,* 164 F.3d at 264. An actionable hostile environment claim requires a long pattern of extensive, unredressed threats or conduct that "permeates" the work environment. *Id.*

Plaintiff's passing reference to a hostile working environment in his Amended Complaint does not even begin to establish a hostile environment as required by the law of this circuit. Moreover, Plaintiff has not supplied any competent summary judgment evidence supporting this allegation. Plaintiff's conclusory statements in his pleadings are not evidence that will permit him to survive summary judgment on this claim. *Eason,* 73 F.3d at 1325. Therefore, there is no genuine issue of material fact concerning Plaintiff's hostile work environment claim, and Defendant is entitled to judgment as a matter of law. Summary judgment should be entered for Defendant on this cause of action.

### E. *Service of Process*

Defendant also argues that "during the pendency of this suit [Plaintiff] has failed to effect proper service on any person or entity."[14] Defendant has appeared in this action and filed an answer as well as its dispositive motion, and has not shown how it has been prejudiced by Plaintiff's failure to effect service of process. As is articulated above, Defendant is entitled to summary judgment on the merits of Plaintiff's claims; therefore, it is not necessary to consider Defendant's argument regarding service of process for purposes of summary judgment.

### IV. *Plaintiff's Motion for Summary Judgment*

Plaintiff's Motion for Summary Judgment briefly recites the Fed.R.Civ.P. 56 standard for summary judgment and de-

---

**14.** Defendant's Brief in Support of Motion for Summary Judgment ("Defendant's Brief") at p. 6.

clares that he is entitled to judgment as a matter of law. Plaintiff has attached to his motion copies of the two charges of discrimination he filed against Defendant.[15] The First and Second Charges both contain the same conclusory, non-specific allegations found in Plaintiff's pleadings. Therefore, they are not competent summary judgment evidence. *Eason,* 73 F.3d at 1325. Furthermore, the court has determined that Defendant's Motion for Summary Judgment should be granted. Granting Plaintiff's Motion for Summary Judgment would necessarily conflict with this determination. In light of the court's ruling on Defendant's Motion for Summary Judgment, Plaintiff's Motion for Summary Judgment should be denied.

## V. *Conclusion*

For the reasons previously stated, there is no genuine issue of material fact with respect to any claims asserted by Plaintiff. Defendant is entitled to summary judgment on Plaintiff's claims in their entirety. Accordingly, Defendant's Motion for Summary Judgment is GRANTED, and all claims asserted by Plaintiff are dismissed with prejudice. Plaintiff's Motion for Summary Judgment is denied. Judgment will be entered by separate document.

---

15. Because the First and Second Charges have both been sworn to by Plaintiff, the court will treat them as affidavits for summary judgment purposes.