**Lazaro S. TORREZ, Plaintiff,**

**v.**

**MILK PRODUCTS, L.P., Defendant.**

No. SA–03–CV–0500.

United States District Court,
W.D. Texas,
San Antonio Division.

May 11, 2005.

David F. Black, Columbia, SC, for Plaintiff.

Michael R. Buchanan, Strasburger & Price, L.L.P., Dallas, TX, for Defendant.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

FURGESON, District Judge.

Before the Court are Defendant's Motion for Summary Judgment (Docket No. 24), Plaintiff's Response, and Defendant's Reply. Having considered the written briefs and the evidence submitted, the Court finds that Plaintiff has been unable to adduce evidence of a genuine issue of material fact as to one or more elements of his causes of action. Accordingly, Defendant's Motion for Summary Judgment is GRANTED.

### FACTUAL AND PROCEDURAL BACKGROUND

This case arises from Plaintiff's complaint that he was terminated from his position as a Distribution Supervisor for Milk Products L.P. due to his age, national origin, and/or religious beliefs. Plaintiff

further complains that he suffered from a hostile work environment.

Defendant's Motion for Summary Judgment asserts substantive arguments in response to each of Plaintiff's claims. Most importantly, Defendant argues that Plaintiff was terminated because he committed a workplace error by failing to ensure that tanker trailers left with a client were timely retrieved.

As a Distribution Supervisor, Plaintiff was responsible for scheduling deliveries to clients. Because some clients required Defendant company to leave tanker trailers at their places of business so that they could be emptied at more convenient times, Plaintiff also was responsible for insuring that tanker trailers were timely retrieved. The record reflects that Plaintiff scheduled buttermilk deliveries to Lone Star Bakery on Friday, March 1, 2002. Plaintiff did not contact the Bakery or Defendant company drivers on Friday, Saturday, or Sunday to ensure that the tanks the Bakery had already emptied had been retrieved. Defendant contends that as a result Plaintiff's mistake, empty trucks remained in the Bakery delivery area for several days and the Bakery cancelled a purchase of buttermilk valued at $8,172.00.

## STANDARD OF REVIEW

Summary judgment is appropriate if, after adequate time for discovery, no genuine issue as to any material facts exists, and the moving party is entitled to judgment as a matter of law.[1] Where the issue is one for which the nonmoving party bears the burden of proof at trial, it is sufficient for the moving party to identify those portions of the record which reveal the absence of a genuine issue of material fact as to one or more essential elements of the nonmoving party's claim.[2] The nonmoving party must then "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial."[3] To prevail on summary judgment, the moving party need only demonstrate that "there is an absence of evidence to support the nonmoving party's case."[4] Upon viewing the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party, the court, in order to grant summary judgment, must be satisfied that no rational trier of fact could find for the nonmoving party as to each element of his case.[5]

## DISCUSSION

 Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, and the Court accordingly analyzes each of them in turn based on the *McDonnell Douglas*[6] framework. *McDonnell Douglas* and subsequent decisions have established the analysis and presentation of evidence that applies to discrimination claims such as Plaintiff's ADEA, national origin discrimination, religious discrimination, and hostile work environment claims. First, the plaintiff must establish a *prima*

---

**1.** Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

**2.** *Celotex*, 477 U.S. at 323–24, 106 S.Ct. 2548.

**3.** *Id.* at 324, 106 S.Ct. 2548.

**4.** *Id.* at 325, 106 S.Ct. 2548.

**5.** *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**6.** *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

*facie* case of discrimination.[7] If the plaintiff meets this burden, the burden then shifts to the employer to present some legitimate, non-discriminatory reason for its actions.[8] If the employer "meets its burden of production, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed motive alternatives)."[9] If the plaintiff shows that illegal discrimination was a motivating factor in the employment decision, then the defendant must prove that the same decision would have been made regardless of discriminatory animus.[10]

### I. *ADEA Claim*

▆ With regard to Plaintiff's ADEA claim, the Court finds that Plaintiff established a *prima facie* case of discrimination based on his claims that: (1) he was discharged; (2) he was qualified for the distribution supervisor position; (3) at the age of 43, he was older than some of his co-workers; and (4) he was replaced by someone younger.[11] The Court finds, however, that Plaintiff's claim under ADEA fails because Defendant has presented legitimate non-discriminatory reasons for the termination and Plaintiff has been unable to offer sufficient evidence to create a genuine issue of material fact either that Defendant's action was a pretext for dis-crimination or that illegal discrimination was a motivating factor in Defendant's decision. The evidence indicates that Defendant terminated Plaintiff because he failed to fulfill his responsibility to timely retrieve tanker trailers left at a client's workplace. Plaintiff has not made any arguments to suggest that Defendant's reasons are untrue, and the evidence does not indicate that discriminatory reasons were the motivating factor for Defendant's decision. Defendant's justifications, therefore, defeat Plaintiff's claim of age discrimination and summary judgment dismissal of this claim is appropriate.

### II. *National Origin Discrimination Claim*

▆ With regard to Plaintiff's claim for national origin discrimination, the Court holds that Plaintiff cannot meet his burden to establish a prima facie case because he has not raised a genuine issue of material fact that similarly situated employees were more favorably treated. Section 703(a)(1) of Title VII of the Civil Rights Act of 1964 provides that it is an unlawful employment practice for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race."[12] Plaintiff must demonstrate the following elements to establish a prima facie case of national origin discrimination: (1) that he belonged to a protected class; (2) that he was qualified for the position he lost; (3) that he suffered an

---

**7.** See *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

**8.** See *Rhodes v. Guiberson Oil Tools,* 75 F.3d 989, 992 (5th Cir.1996) *(en banc ).*

**9.** *Rachid v. Jack in the Box, Inc.,* 376 F.3d 305, 312 (5th Cir.2004).

**10.** *Id.*

**11.** See *Guiberson Oil Tools,* 75 F.3d at 992.

**12.** 42 U.S.C. § 2000e–2(a).

adverse employment action; and (4) that other similarly situated employees were more favorably treated.[13]

Plaintiff is unable to raise a genuine issue of material fact that similarly situated employees were more favorably treated. Plaintiff has not shown that any of Defendant's other employees ever failed to timely retrieve tanks from a client or that such conduct caused a client to cancel its purchase from Defendant. After Plaintiff's termination, his position was filled by another Hispanic male, and there is no indication that Defendant retained or otherwise treated differently another employee who committed misconduct *nearly identical* to the misconduct committed by Plaintiff.[14] Plaintiff's argument that his supervisor, James Stein, was treated more favorably does not create a fact issue because Fifth Circuit precedent has set forth the very difficult requirement that employees' circumstances and misconduct be "nearly identical."[15] As such, Plaintiff's claim for national origin discrimination fails as a matter of law and warrants summary judgment dismissal.

### III. *Religious Discrimination*

██ In order for Plaintiff to prove a *prima facie* case of religious discrimination under Title VII, Plaintiff must establish that (1) he had a bona fide religious belief that conflicted with an employment requirement; (2) that he informed the employer of his belief; and (3) that he was discharged for failing to comply with the conflicting employment requirement.[16] Plaintiff has not established a *prima facie* case of religious discrimination because he has not shown that he was discharged for failing to comply with the conflicting employment requirement. Although Plaintiff contends he was terminated because of his belief that Sundays were a day of rest and that he should attend Sunday church services, the record reflects that Plaintiff was terminated because he failed complete workplace tasks that could have been performed on Friday or Saturday. Defendant did not require that Plaintiff work on Sundays, and the summary judgment evidence reflects that Plaintiff was not terminated for a failing to meet a job requirement that conflicted with his religious beliefs or practices.

### IV. *Hostile Work Environment*

██ In order to establish a claim for hostile work environment, Plaintiff must prove the following elements: (1) Plaintiff belongs to a protected group; (2) Plaintiff was subjected to unwelcome harassment; (3) the harassment was based on a protected interest such as national origin, gender, or religion; (4) the harassment complained of affected a term, condition or privilege of employment; and (5) Plaintiff's employer knew or should have known of the harassment and failed to take prompt remedial action.[17]

---

**13.** *Urbano v. Continental Airlines, Inc.,* 138 F.3d 204, 206 (5th Cir.1998); *see McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

**14.** *Perez v. Texas Department of Criminal Justice,* 395 F.3d 206, 213 (5th Cir.2004); *see Little v. Republic Ref. Co.,* 924 F.2d 93, 97 (5th Cir.1991); *see also Smith v. Wal–Mart Stores,* 891 F.2d 1177, 1180 (5th Cir.1990) (*per curiam*); *see Wyvill v. United Cos. Life Ins. Co.,* 212 F.3d 296 (5th Cir.2000).

**15.** *Id.*

**16.** *Weber v. Roadway Express, Inc.,* 199 F.3d 270, 273 (5th Cir.2000).

**17.** *Ramsey v. Henderson,* 286 F.3d 264, 268 (5th Cir.2002); *see Nash v. Electrospace System, Inc.,* 9 F.3d 401, 403 (5th Cir.1993) (*per curiam*).

For the harassment to affect a term, condition, or privilege of employment, it must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."[18] The Court considers the following circumstances to determine whether a workplace constitutes a hostile work environment: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."[19] In the matter at hand, the Court finds that the alleged disparaging statements made to Plaintiff about his religion do not rise to the level of a "steady barrage of opprobrious ... comments" sufficient to establish Plaintiff was subjected to a hostile work environment that altered a term, condition, or privilege of employment.[20]

## V. *Title VII Statute of Limitations*

The Court decides the summary judgment claims based on substantive law applicable to Plaintiff's claims but points out that much of Plaintiff's complaints of discrimination are time-barred by the 300–day Equal Employment Opportunity Commission ("EEOC") charge of discrimination filing requirement. "In a state that, like Texas, provides a state or local administrative mechanism to address complaints of employment discrimination, a title VII plaintiff must file a charge of discrimination with the EEOC within 300 days after learning of the conduct alleged."[21] Plaintiff filed his charge with the EEOC on January 2, 2003, 300 days after his termination became effective on March 8, 2002. The United States Supreme Court has reiterated that a claim is barred if it is not filed within the 300 day time limit.[22] Plaintiff has not requested the Court to entertain equitable doctrines such as tolling or estoppel,[23] and none of the instances of discrimination that underlie his national origin discrimination claim, religious discrimination claim, and hostile work environment claim occurred on or after March 8, 2002. Accordingly, these complaints of discrimination are barred by the statute of limitations.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to raise a genuine issue of material fact as to one or more essential elements of each of his causes of action. ACCORDINGLY, IT IS ORDERED that Defendant's Motion for Summary Judgment (Docket No. 24) be GRANTED.

It is so ORDERED.

**18.** *Ramsey,* 286 F.3d at 268 *quoting, Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993).

**19.** *Walker v. Thompson,* 214 F.3d 615, 625 (5th Cir.2000), *quoting, Harris,* 510 U.S. at 23, 114 S.Ct. 367.

**20.** *Padilla v. Carrier Air Conditioning,* 67 F.Supp.2d 650, 659 (E.D.Tex.1999); *see Williams v. Dallas Independent School District,* 2003 WL 21673474, *2 (N.D.Tex.2003); *see Jeffery v. Dallas County Medical Examiner,* 37 F.Supp.2d 525, 531 (N.D.Tex.1999), *stating* that an actionable claim requires "a long pattern of extensive, unredressed threats or conduct that permeates the work environment."

**21.** *Huckabay v. Moore,* 142 F.3d 233, 238 (5th Cir.1998); 42 U.S.C. § 2000e–5(e)(1); *see also Messer v. Meno,* 130 F.3d 130, 134 & n. 2 (5th Cir.1997).

**22.** *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 109, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).

**23.** *See National R.R. Passenger Corp.,* 536 U.S. at 113, 122 S.Ct. 2061.

## FINAL JUDGMENT

On this day, the Court entered an Order granting Defendant's Motion for Summary Judgment and dismissing Plaintiff's claims. The Court now enters its Final Judgment pursuant to Federal Rule of Civil Procedure 58.

Accordingly, it is hereby ORDERED that Defendant's Motion for Summary Judgment be GRANTED.

It is ORDERED that each party bear its own costs.

It is ORDERED that all pending motions are DENIED AS MOOT.

It is therefore ORDERED that all of Plaintiff's claims are DISMISSED WITH PREJUDICE.