**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-50013
Summary Calendar

WANDA J. PRICE; ET AL,

Plaintiffs,

BETTY S. STEFKA,

Plaintiff-Appellant,

versus

MCLENNAN COUNTY, TX,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas (Waco Division)
USDC No. W-98-CV-271

July 8, 1999

Before WIENER, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Betty S. Stefka ("Stefka") appeals the district court's grant of summary judgment in favor of McLennan County, Texas ("McLennan County") on her complaint of discrimination in violation of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq. (1994). For the reasons ascribed, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND[1]

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]Federal Rule of Appellate Procedure 28 requires briefs submitted to this court to contain a statement of facts. Appellant's counsel failed to include any statement of facts thereby requiring this court to rely on the facts as articulated by the Appellee. However, a thorough review of the record

1

In 1985, the McLennan County Sheriff's Department (the "Sheriff's Department") hired Plaintiff Wanda J. Price ("Price") in the capacity of jailer. Two years later, the Sheriff's Department hired Plaintiff-Appellant Stefka in the same capacity. By 1990, the Sheriff's Department had sponsored and certified both in the capacity of peace officer. Persons employed in the capacity of jailer are not required to be peace officers although such certification permits them to earn additional income when engaged in outside security work. Four years later, Price endeavored to become a patrol field officer, a position which, as a prerequisite, requires interested persons to obtain substitute field officer experience. To gain experience as a substitute field officer, a person must volunteer and secure the Sheriff's Department's approval to ride in a patrol car and act as backup to a patrol field officer. This position leads to further promotions within the Sheriff's Department.

In 1994, when the Sheriff's Department declined Price's request to volunteer as a backup, Price filed an a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") claiming that she was denied the opportunity based on her sex. On April 3, 1995, Stefka provided a statement during the EEOC investigation apparently in support of Price's claim. Later, on August 29, 1995, the EEOC issued it s determination finding that the Sheriff's Department had violated Title VII by discriminating against women in denying them the opportunity to hold field officer positions.[2]

Overall, Stefka complains that the Sheriff's Department took retaliatory actions against her as demonstrated by repeated denials of her requests to transfer to day positions at the jail even though her seniority entitled her to a transfer.[3] Additionally, Stefka claims that she was falsely accused of

leads us to conclude that the Appellee either declines to mention or glosses over facts which are not favorable to its position. These inadequacies impede the appellate process and reflect poorly on the attorneys participating in this appeal.

[2]In the complaint, both Price and Stefka allege that the Sheriff's Department retaliated against them for filing charges with the EEOC. This alleged conduct forms the basis of the appeal before us. Inasmuch as Price is not a party to this appeal, we focus on the facts pertaining to Stefka.

[3]Based on information in the record, Stefka was passed over for a transfer to the day shift in August 1996, and in January and October 1997.

violating Sheriff's Department policies and received unusually severe punishment including revocation of her deputization and suspension of duty without pay.

Indeed, several incidents did lead the Sheriff's Department to take some employment action against Stefka. On November 2, 1996, Stefka's former sister-in-law filed a complaint with the Sheriff's Department after Stefka and another jailer, Paul Caudle ("Caudle"), participated or assisted in the division of marital assets between Stefka's brother and his estranged wife. At the time, both were off-duty. After an investigation, during which both Stefka and Caudle were placed on administrative leave with pay, the Sheriff's Department chose to no longer sponsor either Stefka or Caudle's peace officer credentials. Both jailers were required to turn in their peace officer credentials on November 15, 1996.

On December 2, 1996, Stefka was observed sleeping on-duty at the jail. Stefka explained that she was unable to stay awake because she was taking medication which, as a side effect, made her drowsy. The Sheriff's Department conducted an investigation and concluded that Stefka would receive five days leave without pay effective December 30, 1996. She was also placed on probation for six months. Stefka complains that she was treated more harshly than other officers with similar misconduct in retaliation for her testimony in the EEOC investigation. Her application to a field officer po sition made during this month was also rejected; the position was awarded to a male applicant.

On November 20, 1996, Stefka filed a charge of discrimination with the EEOC complaining that the Sheriff's Department was discriminating against her based on her sex and in retaliation for her participation in Price's 1994 charge to the EEOC. She received a notice of her right to sue on May 26, 1998 and filed her complaint in the district court on August 20, 1998. The district court entered its order granting summary judgment in favor of McLennan County on December 4, 1998. Stefka raises essentially two arguments in her timely appeal. First, she contends that the district court erred in denying her motion to extend discovery. Second, Stefka argues that the district court improperly granted McLennan County's motion for summary judgment.

3

DISCUSSION

A. Motion for a Continuance

Stefka first argues that the district court erred in denying her motion for a continuance to allow completion of discovery and the filing of supplemental summary judgment evidence. We review the district court's decision to preclude further discovery prior to granting summary judgment for abuse of discretion. See Liquid Drill Inc. v. U.S. Turnkey Exploration, Inc., 48 F.3d 927, 930 (5th Cir. 1995); Exxon Corp. v. Crosby-Mississippi Resources, Ltd., 40 F.3d 1474, 1487 (5th Cir. 1995). As we explained in Liquid Drill, "a party must specifically explain both why it is currently unable to present evidence creating a genuine issue of fact and how a continuance would enable the party to present such evidence." Id. at 930. The trial judge exercises broad discretion when adjudicating a motion for a continuance.[4] See id.

On September 8, 1998 McLennan County filed its motion to dismiss or, in the alternative, for summary judgment. Three days later, the district court entered its scheduling order indicating that dispositive motions were to be filed and discovery completed by January 11, 1999. Nevertheless, the effect of McLennan County's immediate motion for summary judgment provided notice to Stefka that she must actively discover and present to the court the evidence necessary to resist a grant of summary judgment. She failed to do so and chose to file a motion for a continuance on October 26, 1998. Although Stefka argues that she needed more time to complete discovery and file supplemental summary judgment evidence, this case does not present facts which are particularly difficult to investigate. Inasmuch as the district court did not rule on the motion for summary judgment until December 4, 1998, we find that Stefka had adequate time to conduct discovery and present evidence

---

[4]Federal Rule of Civil Procedure 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken of discovery to be had or may make such other order as is just.

FED. R. CIV. P. 56(f).

opposing summary judgment.

Moreover, we are unable to find that the district court abused its discretion because Stefka's motion for a continuance is substantively inadequate. Therein, Stefka failed to detail the specific evidence she was seeking; the relevance of the evidence; and the reasons she was unable to present it. See Exxon Corp., 40 F.3d at 1487. Instead, it appears that Stefka endeavored to do too little too late. At most, the affidavit in support of the motion explains that the sought information was within the exclusive control of McLennan County. This assertion is not sufficient because in an adversarial proceeding, the sought information is often within the exclusive control of the party opponent. Instead, Stefka was required to state reasons which precluded, undermined, or impeded her efforts to discover the evidence. See Keebler Co. v. Murray Bakery Products, 86 F.2d 1386, 1389 (Fed. Cir. 1989). Finding no abuse of discretion, we affirm the district court's decision to deny the motion to continue.

B. Motion for Summary Judgment

Next, Stefka challenges the district court's grant of summary judgment for McLennan County. Stefka's arguments collapse into two categories: (1) the district court's finding that she had not exhausted her administrative remedies; and (2) the district court's finding that the basis for her retaliation claims were not adverse employment actions. We will consider each in turn.

We review a grant of summary judgment *de novo*, applying the same criteria as the district court. See Merritt-Campbell, Inc. v. RxP Products, Inc., 164 F.3d 957, 961 (5th Cir.1999). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The moving party must first demonstrate that there are no genuine issues of material fact. See 477 U.S. at 248. Once the moving party makes this showing, the nonmovant must come forward with summary judgment evidence sufficient to establish the existence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992) ("The nonmovant must come

5

forward with evidence establishing each of the challenged elements of its case for which the nonmovant will bear the burden of proof at trial.").

### 1. Exhaustion of Administrative Remedies

It is well settled that the filing of an administrative complaint is a jurisdictional prerequisite to an action under Title VII. See Dollis v. Rubin, 77 F.3d 777, 781 (5th Cir. 1995). Generally, allegations that are not in an administrative charge cannot be raised in a subsequent complaint filed in district court. See id. However, such allegations may be brought where they are similar to or grew out of the claims brought before the EEOC. See Nat'l Ass'n of Gov't Employees v. City of Pub. Serv. Bd. of San Antonio, 40 F.3d 698, 711 (5th Cir. 1994).

In her November 26, 1996 charge of discrimination, Stefka indicated that she was discriminated against based on sex and in retaliation for participating in an earlier case. She lists her placement on administrative leave and the revocation of her deputization as the personal harm she experienced. Neither of these two actions relate to any sex-based discrimination. Indeed, Stefka failed to articulate any basis for her sex discrimination claim or discuss the personal harm she experienced.[5]

Having failed to amplify her claim before the EEOC, we must determine whether the facts giving rise to her sex discrimination claim are similar to the allegations contained in the charge or grew out of those allegations during the pendency of this case. We find that the Sheriff's Department's denial of the patrol field officer position in December 1996 does not grow out of the allegations brought in her EEOC charge of discrimination. The EEOC had concluded its investigation of the denial of patrol field officer positions to women and issued its determination on August 29, 1995. Consequently, it was incumbent upon Stefka to bring the basis of her sex discrimination claim to the attention of the EEOC. By failing to do so, she has not exhausted her administrative remedies

---

[5]The event giving rise to her sex discrimination claim, the denial of the field patrol officer position, did not occur until December 16, 1996, nearly three weeks after she filed her charge of discrimination.

6

on this claim.[6]  Accordingly, we affirm the district court.

### 2. Adverse Employment Action

Relief under Title VII is appropriate only where there is an ultimate employment decision including hiring, discharging, promoting, compensating, or granting leave.  See Webb v. Cardiotohoracic Associates of North America, P.A., 139 F.3d 532, 540 (5th Cir. 1998).  Title VII is not designed to address every decision made by an employer that arguably might have some tangential effect.  See id. Courts have resisted adopting an expansive definition of "adverse employment action" thereby removing such events as disciplinary filings, supervisor reprimands, poor performance by an employee, or anything which may jeopardize future employment  from the sphere of actionable conduct.  See Mattern v. Eastman Kodak Co., 104 F.3d 702, 708 (5th Cir. 1997).

Stefka considers the following conduct adverse employment actions: (1) the decision not to assign her to a day shift; (2) her placement on administrative leave without pay; and  (3) the revocation of her peace officer credentials.  We disagree.  None of these actions rise to the level of an ultimate employment action.

First, nothing in the record indicates that being assigned to a day shift amounts to a promotion.  It is a convenience which can hasten promotion within the Sheriff's Department.  However, it is not a prerequisite to advancing within the Sheriff's Department.  In like manner, we cannot say that Stefka's placement on administrative leave without pay was an adverse employment action.  After an investigation, the Sheriff's Department found that she was derelict in her duties and determined an appropriate response.  Nevertheless, Stefka complains that she was penalized more harshly than other persons found sleeping on the job.  While this may be true, we are not inclined to view her infraction as an isolated incident bearing upon her appreciation, or lack thereof,  for her position and its incumbent responsibilities.

Indeed, one month prior to being found sleeping on the job, Stefka abused her position as a

---

[6]Having failed to exhaust her administrative remedies on this issue, we need not further consider the facts or information relating to her denial of the patrol field officer position.

peace officer by intervening in a private civil matter on behalf of her brother. The sponsorship of the Sheriff's Department was gratuitous since jailers, the capacity in which Stefka was hired, are not required to maintain peace officer credentials. Under this circumstance, we cannot say that the Sheriff's Department was required to maintain its sponsorship after Stefka acted in contravention to its policies. Stefka's claim of retaliation is further undermined by the fact that the Sheriff's Department imposed the same penalty on Caudle who did not participate in the EEOC investigation which forms the basis of Stefka's retaliation claim.

Again, we affirm the district court.

C. McLennan County's Motion to Dismiss

For the sake of completion, we address McLennan County's alternative argument that the district court should have granted its motion to dismiss. As we explained in Jackson v. City of Atlanta, 73 F.3d 60, 62 (5th Cir. 1996), denials of motions to dismiss in the Title VII context are non-final orders from which no appeal is allowed.

CONCLUSION

For the reasons stated herein, we affirm.

8