# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 98-50967
Summary Calendar
_____

BOBBY L. GREEN,

Plaintiff-Appellant,

VERSUS

TOGO D. WEST, JR., Secretary of the Army,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(SA-97-CV-1148)
_____
September 9, 1999

Before SMITH, BARKSDALE, and
PARKER, Circuit Judges.

PER CURIAM:[*]

Bobby Green sued his employer, the U.S. Army, claiming racial discrimination, reprisal (retaliation), and constructive discharge. The district court granted summary judgment, and we affirm.

## I.

Green was working as an Alcohol and Drug Instructor at the Behavioral Science Division, Alcohol and Drug Training Branch of the U.S. Army Medical Department Center and School. He asserts that his supervisor, Lieutenant Colonel Roberto Castorena, issued a "letter of counseling" against him (purportedly for "failing to comply with instructions and meet a suspense") and engaged in "constant harassment, intimidation, and discriminatory actions" against him on account of (1) Green's race (black) and (2) the fact that Green had participated in a group grievance filed by employees of the ADTB a couple of months earlier. Green contends that this campaign of discrimination and retaliation culminated in his constructive discharge.

Green filed a grievance against Castorena. Lieutenant Colonel John Jeffries denied the grievance on the ground that it was untimely filed, whereupon Green pursued his grievance to the second and third steps of the grievance process, asking that the letter be rescinded and that all alleged reprisal behavior against him be stopped. Colonel T.R. Bryne, Dean for the Academic of Health Sciences, denied the third-step grievance, finding that the letter of counseling had been appropriately issued. Green was offered an early retirement package, which he claims to have accepted because he "could not tolerate the discrimination and unfair treatment" he had been receiving.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## II.

A claim of discrimination or reprisal must include the demonstration of adverse employment action. *Urbano v. Continental Airlines, Inc.*, 138 F.3d 204, 206 (5th Cir.) (discussing elements of discrimination cause of action), *cert. denied*, 119 S. Ct. 509 (1998); *Nowlin v. Resolution Trust Corporation*, 33 F.3d 498, 507 (5th Cir. 1994) (discussing elements of reprisal cause of action). As the district court correctly noted, Green has failed to make such a demonstration as a matter of law.

Under this court's precedent, only ultimate employment decisions can qualify as adverse employment actions. *See Dollis v. Rubin*, 77 F.3d 777, 781-82 (5th Cir. 1995). Threats, reprimands, and warnings, because they do not constitute ultimate decisions, do not suffice as adverse employment actions. *See Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 708 (5th Cir.), *cert. denied*, 522 U.S. 932 (1997).

Green's only concrete allegation of discrimination is the letter for counseling. This plainly does not constitute an adverse employment action under *Dollis* or *Mattern*. Green's unsubstantiated, conclusional allegations of "harassment, intimidation, and discriminatory actions" likewise do not constitute ultimate employment decisions and are not competent summary judgment evidence. *See Forsythe v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

Green's complaint that he was constructively discharged would constitute an ultimate employment decision, but this allegation fails for lack of proof. A plaintiff alleging constructive discharge must produce facts tending to demonstrate working conditions "so intolerable that a reasonable employee would feel compelled to resign." *See Barrow v. New Orleans S.S. Ass'n*, 10 F.3d 292, 297 (5th Cir. 1994). Green offers us only the letter of counseling and his unsubstantiated assertions of discrimination generally. The letter most certainly does not rise to the level described in *Barrow*, and, as mentioned previously, Green's "unsubstantiated assertions are not competent summary judgment evidence." *Forsythe*, 19 F.3d at 1533; *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Because Green failed to establish his *prima facie* cases of discrimination and reprisal and failed to carry his burden on the claim of constructive discharge, the court properly granted summary judgment.

AFFIRMED.