**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-30312
Summary Calendar

MARY DOLLIS,

Plaintiff-Appellant,

VERSUS

ROBERT E. RUBIN, SECRETARY OF THE DEPARTMENT OF THE TREASURY,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
(93-CV-2940)

December 14, 1995

Before GARWOOD, WIENER, and PARKER, Circuit Judges.

PER CURIAM[1]:

Plaintiff-appellant, Mary Dollis ("Dollis"), instituted suit
below against the defendant-appellee, the Secretary of the

---

[1]Local Rule 47.5.1 provides, in pertinent part: "The publication
of opinions that merely decide particular cases on the basis of
well-settled principles of law imposes needless expense on the
public and burdens on the legal profession." Pursuant to that
Rule, the Court has determined that this opinion should not be
published.

1

Department of the Treasury ("Secretary"), Robert Rubin, asserting numerous causes of action under Title VII, 42 U.S.C. § 2000e, et seq. The trial court granted the Secretary's motion for summary judgment as to all of Dollis' claims that were properly before the court. Finding no error, we affirm.

FACTS

At all relevant times Dollis was employed as an Equal Employment Opportunity ("EEO") Specialist in the southern region of the U.S. Customs Service. Her job classification was General Service ("GS") level 11. In January, 1991, Dollis' immediate supervisor left the U.S. Customs Service after unsuccessfully attempting to promote Dollis in December 1989, and again in January, 1991. For the remainder of 1991, Dollis functioned as an EEO Specialist without a day to day supervisor. During that time Dollis made several more requests for a promotion. She was eventually given a temporary promotion to the GS-12 level for a 120 day period from August to December of 1991. However, at the end of this temporary promotion Dollis returned to a GS-11 level.

Dissatisfied with her GS-11 level, Dollis sought a desk audit[2] in February of 1992, but was informed by the U.S. Customs Regional Commissioner that the audit would have to wait until the new EEO manager arrived. Dollis then filed the first of four formal

---

[2]In a desk audit, a Personnel Specialist interviews the employee and his/her supervisor and determines (1) whether the employee's job description accurately depicts the work performed by the employee, and (2) whether the job is classified at the proper GS level.

administrative complaints,[3] which form the basis of this lawsuit. The administrative complaints alleged that Dollis had been the victim of racial and sexual discrimination and that she had been retaliated against for entering the EEO complaint process.

The issues certified in each administrative complaint by the Treasury's Regional Complaint Center (RCC) were as follows:

1. Complaint No. 92-2179

Issue 1: Whether on February 18, 1992, the complainant, a GS-260-11, was harassed by the denial of a desk audit which restricted her promotional opportunities and upward mobility, because of her sex (female), her race (Black), or in retaliation for her involvement in the EEO complaints process, as a member of the Regional EEO staff.

Issue 2: Whether on February 28, 1992, the complainant was denied attendance to a training conference, "Partnership for the Future", because of her sex (female), her race (Black), or in retaliation for her involvement in the EEO complaints process, as a member of the Regional EEO staff.

2. Complaint No. 92-2232

Issue 1: Whether on April 21, 1992, the complainant was given false information regarding the return of a self-nomination for an award for the Federal Women's Program, in retaliation for filing a previous complaint of discrimination.

Issue 2: Whether on April 21, 1992, the complainant was given false information regarding the APC code numbers to be used for allocation of travel funds, in retaliation for filing a previous complaint of discrimination.

---

[3]Dollis' brief references six administrative complaints, but the appellee contends that only four of those complaints may be properly considered on appeal. Because the disputed complaints were not presented to the magistrate, we are not required to consider them on appeal. *See Volkswagen of America, Inc. v. Robertson*, 713 F.2d 1151, 1166 (5th Cir. 1983)(appellate court generally refuses to consider issues not raised below, unless the newly raised issue concerns a pure question of law and a refusal to consider it would result in a miscarriage of justice).

3. Complaint No. 92-2246

Issue 1: Whether on July 6, 1992, the complainant was harassed when she was informed of the requirement that the EEO Manager approve each handwritten document prepared by her, based on her sex (female), her race (black), or in her retaliation for her participation in the EEO complaints process.

4. Complaint No. 92-2246

Issue 1: Whether on July 7, 1992, the complainant was harassed when a vendor was informed of an incorrect procurement procedure taken by her, because of her sex (female), her race (Black), or in retaliation for her participation in the EEO complaints process.

Each of the RCC's letters accepting Dollis' administrative complaints stated:

If you disagree with the issue of the complaint as set forth above you must notify me, in writing, no later than five (5) days of receipt of this letter. If you do not respond within that time and do not disagree with the matters to be investigated, I will proceed with the next step in the processing of this complaint.

Dollis never objected to the issues as stated by the RCC. Consequently, we must assume that the issues were correctly framed.

An EEO investigator conducted an investigation of all four administrative complaints from July 27 to July 31, 1992. On September 15, 1992, the RCC issued its proposed dispositions of the four administrative complaints. The RCC informed Dollis that her allegations were not supported by the evidence and, therefore, the RCC's proposed dispositions were that no discrimination or retaliation occurred relative to any of her claims. Dollis was informed of her appeal options.

Dollis received a desk audit in February of 1993, almost one year after the time that she initially requested it. The desk

4

audit revealed that the work she was required to perform was consistent with that of a GS-11 level employee. Consequently, Dollis was not promoted to the GS-12 level.

PROCEEDINGS BELOW

On September 9, 1993, Dollis filed her complaint in district court alleging numerous Title VII violations. The portions of the district court complaint relevant to this appeal alleged that Dollis had been unlawfully discriminated against when she was denied a promotion and unlawfully retaliated against in unspecified ways.[4] The parties then consented to proceed to trial of the matter before a magistrate judge pursuant to 28 U.S.C. § 636(c).

On March 3, 1995, the Secretary moved to dismiss Dollis' lawsuit asserting two theories. First, that the court lacked jurisdiction over those matters in Dollis' lawsuit for which she sought relief but which she had not previously aired through the agency's administrative process. Second, the remaining matters in the complaint which had been administratively exhausted were either moot and/or failed to comprise "adverse personnel actions"[5], and

---

[4]Dollis' complaint also contained allegations other than discrimination and retaliation, but her brief did not address those other issues, all of which were dismissed by the magistrate. "We liberally construe briefs in determining issues presented for review; however, issues not raised at all are waived." *Carmon v. Lubrizol Corp.*, 17 F.3d 791, 794 (5th Cir. 1994). Consequently, we are unable to review the other allegations contained in Dollis' complaint.

[5]5 U.S.C. § 2000e-16 provides, in part:

All *personnel actions* affecting employees . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin. (emphasis added).

5

therefore failed to state a claim for which the court could provide a remedy under 42 U.S.C. § 2000e-16. Dollis filed a lengthy opposition to the Secretary's motion on March 15, 1995.

On March 21, 1995, the magistrate heard oral argument and received evidence during the argument, she then converted the Secretary's motion to dismiss into a motion for summary judgment. The magistrate found that none of the allegations contained in Dollis' administrative complaints constituted "adverse personnel actions". The magistrate also found that Dollis' district court complaint contained allegations that had not been exhausted administratively. The magistrate subsequently granted the Secretary's motion for summary judgment as to all of Dollis' claims. Dollis timely perfected this appeal.

ANALYSIS

This court reviews grants of summary judgment *de novo. Fireman's Fund Ins. Co. v. Murchison*, 937 F.2d 204, 207 (5th Cir. 1991). For purposes of determining whther the grant of summary judgment was proper, we view the evidence presented to the trial court in a light most favorable to the nonmovant. *Hassan v. Lubbock Indep. Sch. Dist.*, 55 F.3d 1075, 1078 (5th Cir. 1995). The magistrate granted the Secretary's motion for summary judgment based upon two grounds. The first being that Dollis had failed to administratively exhaust allegations contained in her district court complaint, and second, that those issues which Dollis had administratively exhausted were either moot and/or not cognizable under Title VII.

6

PREREQUISITES TO A TITLE VII ACTION

The filing of an administrative complaint is ordinarily a jurisdictional prerequisite to a Title VII action. *Ray v. Freeman*, 626 F.2d 439, 442 (5th Cir. 1980), *cert. denied*, 450 U.S. 997, 101 S. Ct. 1701, 68 L. Ed. 2d 198 (1981). Because of this requirement, we must examine Dollis' complaint in light of the charges filed in her administrative complaint in order to determine whether she satisfied this jurisdictional prerequisite. A Title VII cause of action

> may be based, not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination.

*Fine v. GAF Chemical Corp.*, 995 F.2d 576, 578 (5th Cir. 1993)(quoting *Fellows v. Universal Restaurants, Inc.* 701 F.2d 447, 451 (5th Cir.), *cert. denied*, 464 U.S. 828, 104 S. Ct. 102, 78 L. Ed. 2d 106 (1983)).

Following the guidance provided by *Fine* and *Fellows*, we agree with the magistrate's finding that Dollis satisfied the jurisdictional prerequisite of filing an administrative complaint prior to initiating a Title VII lawsuit only as to the following claims: (1) Dollis was unlawfully denied a desk audit in violation of Title VII, and (2) Dollis was unlawfully retaliated against for filing administrative complaints, in violation of Title VII. Dollis' other allegations were properly dismissed by the magistrate for failing to satisfy the jurisdictional prerequisite of filing an administrative complaint prior to initiating a Title

7

VII lawsuit. Having determined which issues were properly included in Dollis' complaint we must next determine whether the magistrate's grant of summary judgment to the Secretary on these two issues was proper. We will discuss Dollis' retaliation claims first.

RETALIATION AND TITLE VII

A showing of three elements is required in order to make out a prima facie case of retaliation: (1) the plaintiff engaged in activity protected by Title VII; (2) an adverse employment action occurred; and (3) there was a causal connection between the participation in the protected activity and the adverse employment action. *Barrow v. New Orleans S.S. Ass'n*, 10 F.3d 292, 298 (5th Cir. 1994)(citing *Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 42 (5th Cir. 1992)). There can be no question that Dollis' retaliation claims satisfy the first element of the analysis, filing an administrative complaint is clearly protected activity. However, we agree with the magistrate's finding that none of Dollis' retaliation complaints involved adverse personnel actions.

Title VII was designed to address ultimate employment decisions, not to address every decision made by employers that arguably might have some tangential effect upon those ultimate decisions. *See Page v. Bolger*, 645 F.2d 227, 233 (4th Cir.)(en banc)(noting that Title VII discrimination cases have focused upon ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating), *cert. denied*, 454 U.S. 892, 102 S. Ct. 388, 70 L. Ed. 2d 206 (1981). None of Dollis'

8

administrative complaints, discussed *supra*, rise to the level of ultimate employment decisions. Consequently, the magistrate's grant of summary judgment as to Dollis' retaliation claims was correct.

## DENIAL OF DESK AUDIT

Dollis' initial complaint alleged that on February 18, 1992, she was unlawfully denied a desk audit because of her sex and/or race, and that the denial of the desk audit restricted her promotional opportunities. The magistrate also granted the Secretary's motion for summary judgment on this claim after finding that the denial of a desk audit is not an actionable "adverse personnel action" under Title VII. Like Dollis' other claims, the denial of a desk audit is not the type of ultimate employment decision that Title VII was intended to address. Therefore, we affirm the magistrate's grant of summary judgment on this issue as well.

## CONCLUSION

Finding that none of the allegations properly before the magistrate are cognizable under Title VII, we need not address Dollis' other points of error. Accordingly, the magistrate's grant of summary judgment to the Secretary is AFFIRMED.