**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-30488
Summary Calendar

LAWRENCE SPEARS, JR.,

Plaintiff-Appellant,

VERSUS

DSM COPOLYMER, INC.,

Defendant-Appellee.

Appeal from the United States District Court
For the Middle District of Louisiana
(94-CV-429)

November 11, 1996

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Lawrence Spears, Jr. ("Spears") appeals the district court's granting of summary judgment on his claims of discrimination based on race and age in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2(a)) and the Age Discrimination in

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

1

Employment Act (29 U.S.C. § 621 et seq.)("ADEA").  After reviewing the record and the applicable law, we conclude that the district court's granting of summary judgment for DSM Copolymer, Inc. should be affirmed.

We review the district court's grant of summary judgment de novo.  Dollis v. Rubin, 77 F.3d 777, 781 (5th Cir. 1995).  Summary judgment is appropriate when the summary judgment record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).

The district court concluded that Spears' age discrimination claim must be dismissed for failure to timely exhaust his administrative remedies.  An employee cannot commence a civil action under the ADEA until 60 days after a charge alleging unlawful discrimination has been filed with the EEOC.  29 U.S.C. § 626(d); Rhodes v. Guiberson Oil Tools Div., 927 F.2d 879 (5th Cir.), cert. denied, 502 U.S. 868, 112 S. Ct. 198, 116 L. Ed. 2d 158 (1991).  The EEOC charge filed by Spears only alleged discrimination based on race, but not age.  This circuit has previously espoused that the scope of a Title VII action

> may be based, not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination.

Dollis v. Rubin, 77 F.3d at 781 (citations omitted).  We agree with the district court's conclusion that Spears' age discrimination

claim is not one that could reasonably be expected to grow out of his initial EEOC charge, and because he did not file an age discrimination claim within the requisite time period, his age discrimination claim must be dismissed.

The district court also compared Spears' EEOC charge (failure to promote based on race) to his federal complaint (discriminatory disciplinary action, hostile work environment, discrimination in pay, and retaliation for filing grievances), and found that the claims in his complaint could not reasonably be expected to grow out of his initial EEOC charge. We agree. Spears' EEOC charge specifically states that he "learned he was not promoted" to various positions, the alleged reasons why, i.e., not qualified, and that he believed his discrimination was due to his race. Nowhere in Spears' EEOC charge does he enunciate facts sufficient to direct the EEOC to investigate the claims alleged in his complaint. Because Spears failed to do so in his EEOC charge, the district court correctly dismissed these claims for failing to timely exhaust administrative remedies required in Title VII actions. See Dollis v. Rubin, 77 F.3d 777, 781 (5th Cir 1995)(requiring examination of the plaintiff's complaint in light of his administrative charges to determine whether jurisdictional prerequisite satisfied).

Lastly, turning to Spears' Title VII claim of race discrimination, a plaintiff may prove a prima facie case of discrimination by showing (1) that he is a member of a protected

3

class, (2) that he sought and was qualified for an available employment position, (3) that he was rejected for that position, and (4) that the employer continued to seek applicants with the plaintiff's qualifications. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973); Lapierre v. Benson Nissan, Inc., 86 F.3d 444, 448 (5th Cir. 1996). The district court, based on the evidence submitted by DSM Copolymer and Spears' failure to submit proper evidence, determined that Spears was not a qualified individual for the positions he sought and that he had not made out a prima facie case of discrimination. We agree, based on the record before us, that Spears failed to prove a prima facie case of discrimination. Moreover, this court has previously stated that hearsay evidence in affidavits, as well as unsworn documents, are not appropriate for consideration in ruling on summary judgment. Martin v. John W. Stone Oil Distributor, Inc., 819 F.2d 547 (5th Cir. 1987). Thus, we find that Spears has failed to create a genuine issue of material fact in order to preclude summary judgment on his claim of race discrimination.

Because we find that the district court properly granted DSM Copolymer's motion for summary judgment against Spears, we AFFIRM.

AFFIRMED.

4