**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-20996
Summary Calendar

MARILYN HERRINGTON,

Plaintiff-Appellant,

VERSUS

GULF STATES TOYOTA, INCORPORATED; THE FRIEDKIN CORPORATION,
doing business as Gulf States Distributors,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas
(H-94-CV-2268)
June 30, 1997

Before SMITH, DUHÉ and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Herrington sued her employer, Gulf States Distributors, and an affiliated company, Gulf States Toyota, under Title VII of the Civil Rights Act of 1964 claiming employment discrimination based on retaliation, and for intentional infliction of emotional distress under Texas law. The district court granted summary judgment for Defendants on all claims. Herrington appeals. We affirm.

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To avoid summary judgment Appellant must create an issue of material fact as to the elements necessary to prove a prima facie case of employment discrimination based on retaliation. One element of that claim is that she suffered an adverse employment decision. The district court held that she had not created a fact issue on this point and we agree. Her employment was terminated because of the dissolution of the department in which she worked. No evidence challenges that fact. The other incidents to which Appellant points as adverse employment decisions do not, as a matter of law, qualify as such. See Dolis v. Rubin, 77 F.3d 777, 781 (5th Cir. 1995).

Since Appellant has created no issue of fact as to her prima facie case, there is no need to consider the legitimacy of the reasons advanced by Appellees for the action taken.

The district court granted summary judgment for Appellees on Appellant's intentional infliction of emotional distress claim because no issue of fact was created that the conduct complained of was extreme or outrageous. Indeed, there is no factual dispute. Taking the facts as put forward by Appellant, they do not create a fact issue. Those facts are not outrageous or extreme as defined by this Court. Johnson v. Merrill Dow Pharmaceuticals, Inc., 965 F.2d 31, 33 (5th Cir. 1992).

AFFIRMED.