IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-11057
Summary Calendar
_____

SANDRA MCCLARNEY,

            Plaintiff-Appellant,

  v.

DAVID BARRAM, Acting Administrator, General Services
Administration,

            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:96-CV-941-BE)
_____

May 20, 1999

Before KING, Chief Judge, and POLITZ, and BARKSDALE, Circuit
Judges.

PER CURIAM:[*]

     Plaintiff-appellant Sandra McClarney appeals from the order
of a magistrate judge denying her motion for reconsideration of
the judgment entered April 9, 1998, which granted defendant-
appellee's motion for judgment as a matter of law pursuant to
Federal Rule of Civil Procedure 50(a).  We affirm.

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff-appellant Sandra McClarney works for the General Services Administration (GSA). In 1992, she settled administratively a sexual harassment complaint she had made against her then-supervisor. Pursuant to the settlement, her supervisor transferred internally and Kenneth Douglas became McClarney's new supervisor. In 1994, McClarney filed a complaint with the Equal Employment Opportunity Commission alleging that GSA employees, including Douglas, had engaged in numerous retaliatory acts and had subjected her to a hostile work environment because of her prior sexual harassment complaint.

Thereafter, McClarney filed this suit in the United States District Court for the Northern District of Texas against defendant-appellee David Barram, Acting Administrator of GSA (defendant). Her suit alleged violations of Title VII, 42 U.S.C. §§ 2000e to 2000e-17. Specifically, the complaint included causes of action for retaliation and for "retaliatory discrimination hostile work environment" based on the treatment that she allegedly received after making her sexual harassment complaint.

On April 6, 1998, a jury trial ensued in front of Magistrate Judge Charles Bleil. After McClarney completed her presentation of evidence, defendant moved for, and the magistrate judge granted, judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). According to the magistrate judge, McClarney's evidence failed to demonstrate the existence of an

2

ultimate employment decision as required by <u>Mattern v. Eastman Kodak Co.</u>, 104 F.3d 702 (5th Cir.), <u>cert. denied</u>, 118 S. Ct. 336 (1997), and therefore McClarney could not establish a claim for retaliation.  The magistrate judge further concluded that McClarney's cause of action for "retaliatory discrimination hostile work environment" did not exist in our circuit's precedent, and that, even if it did, McClarney had not shown that any harassment she suffered stemmed from her protected activity. <u>See</u> <u>id.</u> at 712 (Dennis, J., dissenting) (postulating that one element of hostile work environment retaliation claim is existence of causal link between participation in protected activity and harassment creating discriminatory work environment).  The magistrate judge thus entered judgment in favor of defendant on April 9, 1998.

McClarney filed a motion for reconsideration on April 17, 1998, and a supplemental brief to that motion on July 2, 1998, in which she asked the court to consider the impact of the Supreme Court's recent decision, <u>Burlington Industries, Inc. v. Ellerth</u>, 524 U.S. 742, 118 S. Ct. 2257 (1998).  The magistrate judge entered an order denying the motion for reconsideration on July 7, 1998.  McClarney timely appeals.

## II.  DISCUSSION

Our review is de novo.  <u>See</u> <u>Burger v. Central Apartment Management, Inc.</u>, 168 F.3d 875, 877 (5th Cir. 1999).  The sole issue presented on appeal is whether <u>Burlington Industries</u> overruled <u>Mattern v. Eastman Kodak Co</u>.

3

In Mattern, we held that one of the required elements of a retaliation claim, that the employer take an adverse employment action against the employee, requires a showing that the employer's adverse action pertained to an ultimate employment decision, such as a hiring decision, a decision to grant leave, a discharge decision, a promotion decision, or a compensation decision.  See Mattern, 104 F.3d at 707 (citing Dollis v. Rubin, 77 F.3d 777, 781-82 (5th Cir. 1995)).  McClarney argues that this requirement does not survive Burlington Industries.

According to McClarney, in Burlington Industries, the Court held that an employee can maintain an action, subject to an affirmative defense, even if she suffered no tangible employment consequences.  She quotes the following language from the decision, "[w]hen no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages," Burlington Indus., 118 S. Ct. at 2270, and argues that this language means that employees no longer need to prove the existence of an ultimate employment decision to establish a retaliation claim, contrary to our holding in Mattern.

As defendant points out, however, McClarney overlooks the fact that Burlington Industries specifically pertains to claims for sexual harassment, not to claims for retaliation.  See id. at 2262 ("We decide whether, under Title VII[,] . . . an employee who refuses the unwelcome and threatening sexual advances of a supervisor, yet suffers no adverse, tangible job consequences, can recover against the employer without showing the employer is

4

negligent or otherwise at fault for the supervisor's actions."). Thus, its holding does not speak to whether the establishment of a retaliation claim requires the showing of an ultimate employment decision. We hold that <u>Burlington Industries</u> did not overrule <u>Mattern</u>'s requirement that, to prove a retaliation claim, the employee must show that the employer took an adverse employment action against her in the form of an ultimate employment decision.

Even if <u>Burlington Industries</u> is applicable to McClarney's claims, McClarney mistakes its import. In <u>Burlington Industries</u>, the Court divided the universe of sexual harassment claims into two types--those in which the employee suffers a tangible employment action and those in which the employee is subject to a hostile work environment but suffers no tangible employment action. <u>See</u> <u>id.</u> at 2264-65. Where the employee proves the existence of a tangible employment action, the employer is vicariously liable for the actions of its supervisors without more. <u>See</u> <u>id.</u> at 2270. Where the employee proves the existence of a hostile work environment, but cannot show a tangible employment action, the employer can invoke an affirmative defense to vicarious liability. <u>See</u> <u>id.</u>

Assuming <u>arguendo</u> that this framework applies in the context of retaliation, there would be two potential ways to establish liability--through demonstrating the existence of a retaliatory tangible employment action or through demonstrating the existence of a retaliatory hostile work environment. The former method

5

would subject the employer to liability for its supervisors' actions without more. The latter method would subject the employer to liability for its supervisors' actions only if the employer could not establish the affirmative defense. Thus, under this framework, McClarney's retaliation cause of action would still require a showing of the existence of a tangible employment action, i.e., an ultimate employment decision. On the other hand, McClarney's claim for hostile work environment retaliation would not require the showing of a tangible employment action, but would be subject to the affirmative defense.

The magistrate judge held that McClarney had failed to establish the existence of an ultimate employment decision. McClarney does not appeal this conclusion, and we therefore have no warrant for overturning it. See Hidden Oaks Ltd. v. City of Austin, 138 F.3d 1036, 1045 (5th Cir. 1998) (issues not raised in appellate brief are waived); SEC v. Recile, 10 F.3d 1093, 1096 (5th Cir. 1993) (same). McClarney also does not appeal the magistrate judge's conclusion that, even if a cause of action exists for hostile work environment retaliation, a question we need not decide today, McClarney could not establish an element of that cause of action--that the harassment she suffered was based on retaliation for engaging in protected activity. Thus, even if Burlington Industries overruled Mattern and established a retaliatory hostile work environment cause of action, the magistrate judge's decision to grant defendant's motion for

6

judgment as a matter of law on this cause of action must be affirmed. See <u>Hidden Oaks</u>, 138 F.3d at 1045; <u>Recile</u>, 10 F.3d at 1096.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the denial of plaintiff-appellant's motion for reconsideration of the judgment entered April 9, 1998.