UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
No. 99-31058
Summary Calendar

DEBORAH MCMILLON, individually
and on behalf of her minor child,
Dana Daigrepont,

                                        Plaintiff-Appellant,

versus

TOM CORRIDAN, ET AL.,

                                        Defendants,

DAKIN KINSER, DONALD WEEKS, incorrectly
named as Don Weeks, STATE FARM FIRE
AND CASUALTY COMPANY, STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY, KERRY BABIN,

                                        Defendants-Appellees.
_____

Appeals from the United States District Court
for the Eastern District of Louisiana
(97-CV-3981-N)
_____
March 14, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

     For Deborah McMillon's challenge to an adverse summary
judgment, at issue is whether her employer retaliated, in violation
of the Louisiana Commission on Human Rights Act, LA. REV. STAT.
51:2231 *et. seq.* (West 2000), for her filing a sexual harassment

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the
limited circumstances set forth in 5TH CIR. R. 47.5.4.

complaint with the EEOC, by denying her (1) lateral transfers she claims were career-enhancing and (2) employment in the position she desired during corporate restructuring, resulting in a lateral transfer.

McMillon was employed by State Farm from 1977 to 1996, initially as a claims adjuster and then as a claims superintendent. In the late 1980's, she complained to the Divisional Manager that her immediate supervisor was sexually harassing her. In 1990, she filed a sexual harassment claim with the EEOC concerning her supervisor's actions. Later in 1990, State Farm investigated the complaint.

In 1991, as part of a settlement, McMillon voluntarily transferred to a new office to get a "fresh start". She received appropriate pay raises and evaluations for the next several years.

In 1996, State Farm's fire division, which employed McMillon, underwent restructuring; McMillon was denied the position she sought. As part of the restructuring, she was offered a lateral transfer to another division. Ultimately, she refused the transfer and resigned. McMillon contends her resignation was a constructive discharge. She filed this action, claiming retaliation. State Farm was granted summary judgment, the district court holding that McMillon had failed to establish any adverse employment action.

A summary judgment is reviewed *de novo*. In so doing, we apply the same standard as the district court. Such judgment is proper when the summary judgment record, viewed in the light most favorable to the non-movant, establishes there is no material fact

issue, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56; *e.g.*, **Drake v. Advance Const. Serv., Inc.**, 117 F.3d 203, 204 (5th Cir. 1997).

As noted, McMillon brings this action under Louisiana law. Although the claim is pursuant to Louisiana law, it is appropriate to look to Title VII for guidance. *E.g.,* **Devillier v. Fidelity & Deposit Co. of Md.**, 709 So. 2d 277, 280 (La. App. 3 Cir. 1998) (statutory scheme is "mirror image" of Title VII).

The three elements for retaliation are: (1) employee engaged in activity protected by Title VII; (2) employer took an adverse employment action against employee; and (3) causal connection between the protected activity and the adverse employment activity. **Mattern v. Eastman Kodak Co.**, 104 F.3d 702, 705 (5th Cir.), *cert. denied*, 522 U.S. 932 (1997).

Based upon our review of the briefs and the record, and essentially for the reasons stated by the district court, the summary judgment was proper. **McMillon v. Corridan**, No. 97-3981 (E.D. La. 16 Sept. 1999); *see* **Burger v. Central Apartment Management, Inc.,** 168 F.3d 875, 879 (5th Cir. 1999); **Dollis v. Rubin**, 77 F.3d 777, 781 (5th Cir. 1995).

*AFFIRMED*