**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-51081
(Summary Calendar)


MICHAEL A MONTOYA,

Plaintiff-Appellant,


versus


CITY PUBLIC SERVICE; CITY OF SAN ANTONIO, TEXAS,

Defendants-Appellees.


Appeal from the United States District Court
for the Western District of Texas
(A-97-CV-863)

September 7, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges

PER CURIAM:[*]

Appellant Michael A. Montoya ("Montoya") appeals the district court's grant of summary judgment in favor of City Public Service ("CPS"). For the following reasons we affirm.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

FACTUAL AND PROCEDURAL BACKGROUND

On or about July 17, 1996, Montoya was suspended for three days without pay and put on disciplinary probation by his employer, CPS. This suspension stemmed from what the parties call the "deer incident." In June 1996, Montoya and a co-worker, Bryan Lear ("Lear"), were out working and spotted a fawn. The two men began chasing the fawn and eventually caught it. Montoya and Lear placed the fawn in a truck Montoya was driving so that Montoya could take the deer home to show his son. At the end of the work day Montoya released the fawn.

CPS found out about the deer incident. Montoya was suspended for three days without pay, and put on disciplinary probation. Lear, who is white, received a reprimand but no suspension. Montoya filed an EEOC claim and later filed suit alleging that he had been discriminated against on the basis of his national origin, Hispanic, and in retaliation for providing a witness statement for a female co-worker in her sexual harassment case.

DISCUSSION

We review the district court's grant of summary judgment de novo. See J&B Entertainment, Inc v. City of Jackson, Miss., 152 F.3d 362, 365 (5th Cir. 1998). Summary judgment should be granted if the pleadings and evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

Montoya argues on appeal that the district court erred in granting summary judgment on his retaliation claim. In order to establish a Title VII retaliation claim it must be shown that: (1) the employee engaged in activity protected by Title VII; (2) the employer took adverse employment action against the employee; and (3) a causal connection exists between the

2

protected activity and the adverse employment action.  Mattern v. Eastman Kodak Co., 104 F.3d 702, 705 (5th Cir. 1997).  Montoya has established that he engaged in protected activity by providing a witness statement for a female co-worker in her sexual harassment charges against a CPS employee.

Montoya's retaliation claim fails because there was no ultimate employment decision made against him.  Retaliation claims must be based on ultimate employment decisions.  See e.g., Dollis v. Rubin, 77 F.3d 777, 781-82 (5th Cir. 1995) (stating that Title VII was designed to address ultimate employment decisions, and ultimate employment decisions include hiring, granting leave, discharge, promotion, and compensation).  Thus, because Montoya is unable to establish that an ultimate employment decision occurred the district court properly granted summary judgment on his retaliation claims.

Montoya also argues on appeal that the district court erred in granting summary judgment on his national origin discrimination claim.  Montoya argues that his summary judgment evidence establishes that he was punished more severely than white employees who committed similar acts.  As correctly outlined by the district court, in this type of discrimination case involving punishment for work-rule violations the plaintiff must establish as part of the prima facie case that "white employees who engaged in similar acts were not punished similarly."  Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1089-90 (5th Cir. 1995).  We have reviewed the evidence in the record, and based on that evidence Montoya failed to establish that white employees who engaged in similar acts were not punished similarly.  Thus, the district court did not err in granting summary judgment to CPS on Montoya's national origin claims.

CONCLUSION

For the above reasons the district court's grant of summary judgment to CPS is

AFFIRMED.