IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 00-50236

Summary Calendar

LIANA B. BLALOCK                                    Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
The Department of the U.S. Air Force

                                                   Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Texas
(Civ. No. SA-98-CV-1162-OG)

October 3, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff seeks reversal of a summary judgment order in favor of Defendant on her Title VII claims. We find no basis for disturbing the considered judgment of the district court and affirm.

Plaintiff, who is a civil service employee in the U.S. Air Force, asserts on appeal that she was transferred back to the United States from her posting in Izmir, Turkey on the basis of

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

racial and sex discrimination (Plaintiff is a hispanic female). Colonel Mitchell, who ultimately made the decision to transfer her, testified that he based his decision on numerous complaints about Plaintiff's work performance. Mitchell stated that he had heard a rumor that she had an affair with a married Turkish national, and that this figured into his decision to order a transfer.[1] However, he claimed that he would have made the decision on her work performance alone. Plaintiff also claims that, approximately four years after her transfer back to her old posting in the United States, Air Force personnel chose not to promote her in retaliation for her previous filing of equal employment opportunity (EEO) claims.

The district court concluded that her discrimination claim was barred because she failed to allege an "ultimate employment decision." This Court has determined - in the retaliation context[2] - that a plaintiff must found her claim on an ultimate employment decision, and not on every employment decision that arguably may have some tangential effect on ultimate decisions.[3] Ultimate employment decisions include such acts as hiring, granting leave,

---

[1] The Air Force was apparently concerned that word of the affair not appear in the newspapers and reflect negatively on the American presence in Turkey.

[2] Plaintiff's retaliation claims are founded on 42 U.S.C. § 2000e-3(a) (2000), whereas her discrimination claims arise under 42 U.S.C. § 2000e-2(a).

[3] *See Dollis v. Rubin*, 77 F.3d 777, 781-82 (5th Cir. 1995).

discharging, promoting, and compensating.[4] Any potential loss of employment and promotional opportunities as a result of the transfer does not constitute an adverse employment action.[5] Indeed, this Court has specifically held that denial of a lateral transfer is not an "ultimate employment" action.[6] Assuming arguendo that the preceding standard applies equally in the discrimination context, we find that Plaintiff fails to meet this standard. Her speculative assertions regarding lost promotional opportunities are barred from consideration. Moreover, she fails to allege any lost wages or benefits;[7] indeed, she actually rose in pay status from GS-9 to GS-11 because of her transfer.

In two cases, this Court arguably condoned - albeit implicitly - the application of the retaliation standard in the discrimination context.[8] Moreover, we have applied the "ultimate employment

---

[4] *See Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 707 (5th Cir. 1997).

[5] *See Messer v. Meno*, 130 F.3d 130, 140 (5th Cir. 1997).

[6] *See Burger v. Central Apartment Mgmt.*, 168 F.3d 875, 878-79 (5th Cir. 1999).

[7] Plaintiff's assertion of lost differential pay and housing allowance is inapposite, as these benefits were merely provided to compensate for the increased expense of living abroad.

[8] *See Bennett v. Total Minatome Corp.*, 138 F.3d 1053, 1060 (5th Cir. 1998). In *Dollis v. Rubin*, 77 F.3d 777 (5th Cir. 1995), this Court also cited with approval *Page v. Bolger*, 645 F.2d 227 (4th Cir. 1981) (en banc). The Fourth Circuit in that case noted that Title VII discrimination cases have focused on ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating. *See id.* at 233.

3

decision" threshold to analogous, non-Title VII cases.[9] However, this Court has also recognized the potentially broader scope of the discrimination provision.[10] The differences between the two statutory provisions perhaps counsel against grafting the retaliation standard onto our discrimination jurisprudence. We need not decide this question here, however, as Plaintiff fails even to meet the more lenient standard discussed in other cases.[11] The district court concluded - and we find no evidence to contradict its finding - that Plaintiff failed to show that the transfer "tend[ed] to affect [her] employment status or benefits."[12] Even circuits adopting a liberal view of "adverse employment action"

---

[9] *See Ross v. Univ. of Texas*, 139F.3d 521, 527 (5th Cir. 1998) (applying ultimate employment standard in procedural due process setting and finding no constitutional deprivation); *Southard v. Texas Bd. of Criminal Justice*, 114 F.3d 539, 555 (5th Cir. 1997) (holding that adverse work assignments were not adverse actions sufficient to trigger liability in section 1983 case); *Harrington v. Harris*, 108 F.3d 598, 604 (5th Cir. 1997) (finding that criticism of work and disputes over pay increases were not actionable adverse employment activities for purposes of section 1983 retaliation claim).

[10] *See Mattern*, 104 F.3d at 708-09.

[11] *See Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 406-07 (5th Cir. 1999) (noting, but not specifically adopting, a "tend to affect" employment status or benefits test for Title VII discrimination cases, and finding that plaintiff "fail[ed] this test as well").

[12] *See* 42 U.S.C. § 2000e-2(a); *Mattern*, 104 F.3d at 708-09.

4

have concluded that a lateral transfer does not meet the requisite threshold.[13]

In addition, Plaintiff fails to allege that "similarly situated" employees who were non-hispanic and male were not subjected to the same penalties.[14] She attempts to compare her situation with that of two male military officers - neither of whom is subject to the same supervisor or performs the same duties. Although she points to three civil service employees working at her posting, two are female. None of the civil service employees apparently engaged in similar conduct, and she does not allege that any such conduct was brought to the attention of their superiors. Given this Court's stringent interpretation of "similarly situated,"[15] Plaintiff fails to establish this crucial element of the prima facie case for discrimination.

Although Plaintiff also appeals the district court's rejection of her retaliatory non-selection claim, her arguments similarly lack merit. An employer's judgment as to qualifications do not indicate discriminatory motive unless the qualifications possessed by the candidates are so widely disparate that no reasonable

---

[13] *See Crady v. Liberty Nat'l Bank & Trust Co.*, 993 F.2d 132, 135 (7th Cir. 1993).

[14] *See EEOC v. Brown & Root, Inc.*, 688 F.2d 338, 340-41 (5th Cir. 1982).

[15] *See Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090, 1092 (5th Cir. 1995).

employer would have made the same decision.[16] This disparity must "virtually jump off the page and slap us in the face."[17] In this case, the evidence overwhelmingly suggests that Meadows - the female employee ultimately selected for promotion - was the better qualified candidate. Nor did Plaintiff present evidence to support a finding that she would have been selected in the absence of her having engaged in protected conduct.[18]

Finally, the Supreme Court's recent decision in *Reeves v. Sanderson Plumbing Products*[19] does not compel reversal of the district court's discrimination holding. Under *Reeves*, where a plaintiff establishes its prima facie case and presents sufficient evidence for a reasonable fact finder to reject the employer's nondiscriminatory explanation for its decision, the trier of fact *may* infer that discrimination occurred.[20] This decision does not preclude summary judgment where, as here, the plaintiff failed to demonstrate facts sufficient to prove that the employer's alleged

---

[16] *See Deines v. Texas Dep't of Protective & Regulatory Srvcs.*, 164 F.3d 277, 282 (5th Cir. 1999).

[17] *See EEOC v. Louisiana Office of Community Srvcs.*, 47 F.3d 1438, 1445 (5th Cir. 1995), *quoting Odom v. Frank*, 3 F.3d 839, 847 (5th Cir. 1993).

[18] *See Long v. Eastfield College*, 88 F.3d 300, 304 n.4 (5th Cir. 1996).

[19] 120 S. Ct. 2097, 2109 (2000).

[20] *See Reeves*, 120 S.Ct. at 2109.

6

reasons were false.[21] Although Plaintiff swore that she did not have an affair with a Turkish national, this evidence does not rebut Mitchell's testimony that he had heard a rumor that she had an affair. Plaintiff's first-level supervisor testified that Plaintiff had told her she was having an affair with a Turkish national. Moreover, Plaintiff failed to present evidence rebutting the receipt of numerous complaints by her superiors regarding her behavior. *Reeves* ultimately provides no refuge for Plaintiff. In light of the preceding, the district court's judgment must be AFFIRMED.

AFFIRMED.

---

[21] *See Rubinstein v. Administrators of the Tulane Educational Fund*, 218 F.3d 392, 400 (5th Cir. 2000) (applying *Reeves* and finding that plaintiff's evidence "to rebut the non-discriminatory reasons offered by Tulane is not so persuasive so as to support an inference that the real reason was discrimination").