**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 01-30507

(Summary Calendar)

_____

LINDA F. WAFER,

Plaintiff - Appellant,

versus

JOHN E. POTTER, Postmaster General;
U.S. POSTAL SERVICE, Southeast / Southwest Areas,

Defendants - Appellees.

Appeal from the United States District Court
For the Western District of Louisiana
USDC 99-CV-873

October 23, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Linda F. Wafer, an African-American female, is an employee for the United States Postal

Service ("USPS") in Shreveport, Louisiana. From 1982 to the present, she has held a variety of

positions at the USPS, most recently serving as a carrier service unit ("CSU") clerk. Wafer had a

[*] Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

broad range of duties at the CSU, including inputting data into the Delivery Service Information System ("DSIS") and managing accounting period reports. Additionally, Wafer worked in window service units at post offices in the Shreveport area when she was not needed in the CSU.

Wafer's co-worker at the CSU, Audene Masters, a Caucasian, also performed DSIS tasks. During the periods when the USPS assigned Wafer to window service duties, Masters would remain at the CSU and continue DSIS and other filing assignments. Wafer, who preferred DSIS work to window service, objected to her temporary transfer out of the CSU and filed an administrative complaint against the USPS. She argued, amongst other things, that the USPS should have transferred Masters to window service because she was not qualified to perform DSIS entries. Subsequently, the USPS revised Master's job description, which had previously not included DSIS computer duties, to include such CSU office services. Wafer contends that the USPS did not require Masters to undergo the computer testing in order to begin DSIS work. Wafer had passed such testing herself and viewed DSIS duties as hers alone by virtue of this certification.

In this appeal Wafer alleges the district court erred in concluding that the USPS did not discriminate against her by temporarily reassigning her to window service units while permitting Masters, a less qualified Caucasian employee, to perform her DSIS tasks. Additionally, she contends that the USPS responded to her complaints by changing Master's job title without requiring proper testing and certification. Wafer maintains that the district court should have found that these actions by the USPS amounted to racial discrimination in violation of Title VII of the 1964 Civil Rights Act. *See* 42 U.S.C. § 2000e-16 (2000).

A Title VII action is analyzed under a burden-shifting approach whereby the initial burden rests with the plaintiff to establish, by a preponderance of the evidence, a prima facie case of

-2-

discrimination.  *See Shackleford v. Deloitte & Touche, L.L.P.*, 190 F.3d 398, 404 (5th Cir. 1999) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 791, 801-03 (1973)).  In order to meet this initial burden, Wafer must prove that she (1) is a member of a protected class; (2) was qualified for her position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside of the protected class.  *See Ward v. Bechtel Corp.*, 102 F.3d 199, 202 (5th Cir. 1997).  Only when the plaintiff has established all these elements does the burden shift to the defendant employer to rebut the inference of discrimination by offering a legitimate, non-discriminatory justification for the action.  *See Shackleford*, 190 F.3d at 404.

Wafer has met her burden as to the first two elements required for a prima facie showing of discrimination.  It is uncontested that Wafer is an American-American female, and therefore a member of a protected class under Title VII.  Additionally, she has presented evidence that she is qualified for her position at the CSU and the defendant also has not challenged these assertions.

The principal issue in this appeal concerns the adverse employment element of Wafer's prima facie case.  Wafer argues that the district court erred in finding that her temporary transfer from the CSU to window clerk duties, as well as the reclassification of Masters, did not amount to an adverse employment action by the USPS.  We have held that "adverse employment actions" include only "ultimate employment decisions. . .such as hiring, granting leave, discharging, promoting, and compensating."  *Walker v. Thompson*, 214 F.3d 615, 629 (5th Cir. 2000) (*quoting Dollis v. Rubin*, 77 F.3d 777, 782 (5th Cir. 1995) (per curiam)). An employer's action does not rise to the level of an "adverse employment action" when it fails to have more than "mere tangential effect on a possible future ultimate employment decision." *Id.*   For instance, the mere denial of a request for a lateral transfer between departments or the failure to offer certain training courses does not constitute an

adverse employment decision. *See Burger v. Central Apt. Management Inc.*, 168 F.3d 875, 878 (5th Cir. 1999).

Wafer has failed to establish that her temporary transfer amounted to an adverse employment action against her. She testified that neither her temporary work assignments nor Master's reclassification resulted in financial harm. Also, she conceded that there was no change in her job position or her ability to obtain advancement or promotion. *See* Memorandum Ruling at 4, R. at 231. In essence, her complaint merely alleges that she prefers to work in the CSU and that the USPS temporarily transferred her into a position she found less desirable. As we explained in *Southland v. Texas Board of Criminal Justice*: "Not every negative employment decision or event is an adverse employment action that can give rise to a discrimination or retaliation cause of action under § 1983. Adverse employment actions include discharges, demotions, refusals to hire, refusals to promote, and reprimands. *Undesirable work assignments are not adverse employment actions.*" 114 F.3d 539, 555 (5th Cir. 1997) (emphasis added). Because Wafer only alleges that the USPS gave her what was, in effect, a temporary, undesirable work assignment, she has failed to meet her burden of showing an adverse employment action.

For the foregoing reasons, the district court's ruling dismissing Wafer's complaint is AFFIRMED.