**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-20707
Summary Calendar

SHARON SPILLER,

Plaintiff-Appellant,

versus

WAL-MART STORES, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(8H-99-CV-631)

November 21, 2001

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Sharon Spiller ("Spiller") appeals the district court's grant of judgment as a matter of law in

favor of Wal-Mart Stores, Inc. ("Wal-Mart") on her Title VII retaliation and punitive damages claims.

Spiller also appeals the jury's verdict for Wal-Mart on her discrimination claim. For the following

reasons, we affirm.

---

[*]Pursuant to CIR. R. 47.5, the court has determined that this opinion should not be published and is not
precedent except under the limited circumstance set forth in 5th CIR. R. 47.5.4.

FACTUAL AND PROCEDURAL HISTORY

This case involves an employment discrimination lawsuit arising out of Spiller's employment with Wal-Mart. On March 8, 1993, Joe Munoz ("Munoz"), a Wal-Mart pharmacy district manager, hired Spiller, a black female, as a staff pharmacist. In November 1994, Spiller exhibited difficulties with correctly filling prescriptions and, as a result received, a coaching for prescription misfills. Shortly thereafter, Spiller sought a manager position that had recently become vacant. However, the position was filled by Gary Barnhill ("Barnhill"), a white male who had been employed with Wal-Mart for a longer period of time than Spiller and who was previously a pharmacy manager. Thereafter, Spiller was passed over for numerous manager positions because the other candidates were more qualified, according to Wal-Mart.[1] Finally, in February 1998, Munoz offered Spiller a manager position. Spiller submitted a letter to Munoz, which contained demands she wanted fulfilled before she would accept the position. The demands included: (1) a pay raise, (2) a weekly work schedule of 9:00 a.m. to 6:00 p.m., (3) all weekends off, and (4) an extra week of vacation. Munoz did not accept these demands and Spiller turned down the position.

In 1997, Spiller submitted a charge of discrimination to the Equal Employment Opportunity Commission ("EEOC"). On May 30, 1998, Spiller received a "Notice of Right to Sue" letter from the EEOC. On June 22, 1998, Spiller filed a lawsuit against Wal-Mart in federal district court alleging violations of Title VII, 42 U.S.C. § 1981, and the Texas Commission of Human Rights Act. Spiller also asserted a claim of intentional infliction of emotional distress. Spiller sought, among other remedies, a promotion and punitive damages. At the close of Spiller's case, the district court granted Wal-Mart's motion for judgment as a matter of law on the Title VII and punitive damages issues.

---

[1] All of the candidates selected for the manager positions were non-African-American.

The jury found that Spiller failed to prove discrimination and entered judgment for Wal-Mart. This appeal followed.

STANDARD OF REVIEW

We review a district court's evidentiary rulings for abuse of discretion. Celestine v. Petroleos de Venezuela S.A., 266 F.3d 343, 349 (5th Cir. 2001).

DISCUSSION

Spiller filled a pro se brief raising the following issues: (1) whether the district court abused its discretion in failing to allow the jury to consider her retaliation claim, (2) whether the district court abused its discretion by failing to submit the issue of punitive damages to the jury, (3) whether the district court's error deprived Spiller of her right to due process, and (4) whether a rational factfinder could have made a contrary decision if presented with a proper jury charge based on the excluded evidence. We address each of Spiller's contentions below.

I.    Retaliation

To demonstrate a claim for retaliation in a race discrimination case, the plaintiff must prove (1) that she engaged in a protected activity; (2) an adverse employment action occurred; and (3) there is a causal connection between the participation in the activity and the adverse employment action. Webb v. Cardiothroacic Surgery Ass'n, 139 F.3d 532, 540 (5th Cir. 1998).

The district court properly held Spiller's retaliation claim was of no merit. "Title VII was designed to address ultimate employment decisions, not to address every decision made by employers that arguably might have some tangential effect upon those ultimate decisions." Dollis v. Rubin, 77 F.3d 777, 781 (5th Cir. 1995). This court has found that ultimate employment decisions include acts such as hiring, discharging, and promoting. Mattern v. Eastern Kodak Co., 104 F.3d 702, 707 (5th

3

Cir. 1997). Here, the only adverse employment action that Spiller can possibly assert is that she was not promoted to manager. The district court correctly found that Spiller had not articulated a viable cause of action for retaliation because she filed her lawsuit after she received the offer for a promotion and turned down the offer after the lawsuit was filed. We agree with the district court that Spiller has not presented sufficient evidence to support a retaliation claim, and therefore, affirm the district court's decision on this issue.

II.     Punitive Damages

Spiller also argues that the district court erred in failing to submit the issue of punitive damages to the jury. To recover punitive damages under Title VII or § 1981, a plaintiff must prove that the adverse party acted with malice or reckless indifference. Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 535-36 (1999). When determining whether punitive damages are appropriate, the district court should evaluate "the nature of the conduct in question, the wisdom of some form of pecuniary punishment, and the advisability of a deterrent." Jones v. Western Geophysical Co., 761 F.2d 1158, 1162 (5th Cir. 1985). Here, the district court properly considered all o f the evidence, in the light most favorable to Spiller, and concluded that there was insufficient evidence to base a claim for punitive damages. Spiller maintains that the record clearly reflects discrimination on the bases of race. We disagree. After reviewing the record, we are unable to find any evidence that Wal-Mart discriminated against Spiller. Thus, the district court properly granted judgment as a matter of law to Wal-Mart on this issue.

III.    Due Process

Spiller contends that her due process rights were violated because the district court failed to submit all of the issues pled in her complaint to the jury. A district court may not grant judgment

4

as a matter of law "unless a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fitzgerald v.Weasler Eng'g Inc., 258 F.3d 326, 337 (5th Cir. 2001). In the instant case, Wal-Mart moved for judgment as a matter of law after Spiller rested. Thus, Spiller was fully heard on both the retaliation and the punitive damages issues. For the reasons stated previously, the district court correctly found that based on the evidence, a reasonable jury could not have rendered a verdict in Spiller's favor. Accordingly, we find that the district court did not violate Spiller's due process rights in not submitting these issues to the jury.

IV.     Sufficiency of the Evidence

Rule 28(a) of the Federal Rules of Appellate Procedure lists the information that must be contained within an appellant's brief. This rule states that an appellant's brief must provide an argument section, which contains "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28(a)(9)(A).

Regarding issue four, Spiller simply argues that "the [district court] judge erroneously excluded all of the witnesses from [Spiller's] case in chief." Spiller does not elaborate on how the exclusion was erroneous and does not provide any authority to support her position. Therefore, we find that because Spiller has failed to sufficiently argue this issue, it is waived. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). "Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." Id. (citing Price v. Digital Equip. Corp., 846 F.2d 1026, 1028 (5th Cir.1988)).

CONCLUSION

For the reasons stated above, we AFFIRM.

5

AFFIRM.