**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**Summary Calendar**
**No. 02-60137**
_____


**NATHANIEL GADSON,**

**Plaintiff-Appellant,**

**versus**


**AVONDALE INDUSTRIES, INC.,**

**Defendant-Appellee.**

_____

Appeal from the United States District Court
for the Southern District of Mississippi
Docket No. 00-CV-579
_____

September 10, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:*

    Nathaniel Gadson ("Gadson") appeals the district court's
entry of summary judgment dismissing his claims of race discrimina-
tion in violation of Title VII of the Civil Rights Act of 1964, 42
U.S.C. §§ 2000e et seq.  The district court held: (1) that Gadson's
failure to file his complaint with the Equal Employment Opportunity

    *    Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Commission ("EEOC") within 180 days of the occurrence of the allegedly unlawful employment practice barred his action from federal court; and (2) that Gadson had failed to establish by a preponderance of the evidence his prima facie case under Title VII. We affirm the judgment of the district court on the latter ground.

On June 5, 1997, Litton Avondale Industries of Gulfport ("Avondale") hired Gadson to work in Maintenance Department #40 in Avondale's Gulfport facility as a "First Electrician." Gadson alleges that Avondale promoted three white employees to the position of "Lead Electrician" over the subsequent two-and-a-half year period, one in 1997-98, the next in 1999, and the third in January 2000. Gadson further alleges that the position served as a springboard to that of "Foreman." The position of "Lead Electrician" was abolished in mid-2000, when the third of these white employees departed the company's employ. Gatson filed a charge of discriminatory employment practices with the EEOC on July 10, 2000. After the charge was rejected, he brought this suit in federal district court.

To establish his prima facie case Gadson needed to show (1) that he is a member of a protected class, (2) that he was not promoted, (3) that he was qualified for the position, and (4) that the position was filled by someone outside the protected class or that he was not promoted because of his race. See Rutherford v. Harris County, Tex., 197 F.3rd 173, 179 (5th Cir. 1999).

2

The district court concluded that Gadson had failed to satisfy the last two prongs. The third could not be satisfied, the court concluded, "because Avondale has established that there was no position available for a promotional opportunity." The fourth was not fulfilled because "Gadson has brought forward no evidence, other than his subjective beliefs, that he was not selected for a non-existing promotion based on his race." Gadson argues on appeal that these two questions are issues of material fact to be decided by a jury.

Gadson fails to understand the standards for summary judgment set forth in Rule 56 of the Federal Rules of Civil Procedure. A successful motion for summary judgment requires only that the moving party point out, with reference to the record, that there is no genuine issue of material fact. See Wallace v. Texas Tech University, 80 F.3d 1042, 1046-47 (5th Cir. 1996). To survive a motion the nonmoving party must present specific facts showing the existence of a genuine dispute. See Hanks v. Transcontinental Gas Pipe Line Corp., 953 F.2d 996, 997 (5th Cir. 1992). See also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Avondale easily met its standard, convincingly demonstrating that no such position exists. Gadson equally failed to meet his, making, at best, conclusory assertions about Avondale's staffing protocol and his qualifications vis-a-vis his fellow workers.

In any event, Gadson also failed to articulate a claim upon which the courts can grant relief. The most that Gadson has

3

asserted is that there exists an informal position of "Lead Electrician," granting to its holder a salary equivalent to the inferior "First Electrician" but with training opportunities for the superior, and more remunerative, position of "Foreman." All that might have be0en denied is a distinction that might have conveyed an opportunity to serve as the foreman's understudy.

For such deprivations Title VII offers no remedy. Only ultimate employment decisions, those effecting material changes in terms or conditions of employment, can constitute adverse employment decisions under Title VII. As we said in <u>Dollis v. Rubin</u>, 77 F.3d 777, 781-82 (5th Cir. 1995), "Title VII was designed to address ultimate employment decisions, not to address every decision made by employers that arguably might have some tangential effect upon those ultimate decisions."

**AFFIRMED.**