IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30415
Summary Calendar
_____

LAWRENCE ARNOLIE

        Plaintiff - Appellant

    v.

ORLEANS SCHOOL BOARD; CAROL CHANCE; CAROL CHRISTEN

        Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana, New Orleans
USDC No. 01-CV-2984-S
--------------------
September 17, 2002

Before KING, Chief Judge, and JOLLY and PARKER, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-appellant Lawrence Arnolie appeals from the district court's grant of judgment on the pleadings to the defendants-appellees on Arnolie's Title VII race discrimination and retaliation claims.

    Arnolie's initial EEOC complaint alleged that he was given unsatisfactory performance evaluations based on his race. Though Arnolie received a right-to-sue letter from the EEOC, he did not file suit within ninety days. Arnolie subsequently filed a second EEOC charge alleging that his supervisor, defendant Dr. Carol Chance, retaliated against him for filing his first EEOC

--------------------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

charge. The EEOC issued Arnolie another right-to-sue letter, and Arnolie filed the instant suit within ninety days of the issuance of that letter. Defendants filed an unopposed motion for judgment on the pleadings, Fed. R. Civ. P. 12(c), arguing that (1) Arnolie's race discrimination claims against the Orleans Parish School Board (the subject of his first EEOC complaint) were time-barred; (2) Arnolie had not alleged a prima facie case of retaliation because he did not suffer an adverse employment action; and (3) Arnolie could not recover on his claims against the individual defendants (Carol Chance and Carol Christen) because they were not Arnolie's "employers" as a matter of law. The district court granted the motion without giving reasons.

On appeal, Arnolie argues first that the individual defendants are representatives of the Orleans Parish School Board and cannot be separated from their employer. The defendants correctly point out that the law in this circuit is clear that Title VII imposes liability on the employer only, and does not impose individual liability for a Title VII claim. See Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir. 1999).

Arnolie argues next that the activities that he complains of as retaliatory do constitute adverse employment actions. While we can understand that assignment to the basement and unfavorable evaluations certainly feel like adverse employment actions, this court has determined that only "ultimate employment decisions" constitute the "adverse employment actions" required for a prima facie case of retaliation. See Dollis v. Rubin, 77 F.3d 777, 781-82 (5th Cir. 1995).

Finally, the district court was correct when it implicitly ruled that the subjects of his first EEOC complaint were time barred.

The right to a jury trial is not absolute. To survive a Rule 12(c) motion for judgment on the pleadings and thereby get to a jury, the plaintiff must plead causes of action that have some basis in law for survival. Arnolie has not done that here.

The judgment of the district court is AFFIRMED.