United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 26, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-41434
Summary Calendar

_____

ELIAS MORA,

Plaintiff-Appellant,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CV-73

_____

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

     We affirm the district court's grant of summary judgment in favor of

---

    [*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

the government for the following reasons:

1.    The investigation was a discrete act occurring more than 45 days before Mora sought counseling with the EEOC and Mora's claims based on the investigation and his ineligibility for promotions, training, or assignments pending the investigation are thus time-barred. 29 C.F.R. § 1614.105(a) (2005); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). At the very latest, Mora should have known to assert his rights when he received the recommendation of suspension in October 2001. *See Ramirez v. City of San Antonio*, 312 F.3d 178, 181-82 (5th Cir. 2002) (holding that the plaintiff's cause of action accrued when the employer notified him of its alleged discriminatory decision to change his status, not when his status was changed in the future, because "an employee's claim accrues at the moment the employee believes (or has reason to believe) that he is the victim of discrimination."). That Mora continued to feel the effects of the investigation into the limitations period when he received the admonishment letter does not transform the investigation into a continuing violation. *Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998).

2

2.  Mora's claims regarding the admonishment letter and the allegedly retaliatory investigation into his alleged improper use of a government vehicle fail, although timely, because neither the investigation nor the letter amount to an adverse employment action. *E.g., Watts v. Kroger Co.*, 170 F.3d 505, 512 (5th Cir. 1999) ("[E]mployment actions are not adverse where pay, benefits, and level of responsibility remain the same."); *Dollis v. Rubin*, 77 F.3d 777, 781-82 (5th Cir. 1995) ("Title VII was designed to address ultimate employment decisions," such as hiring, firing, compensating, and promoting).

Affirmed.