United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 3, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————

No. 03-30451

(Summary Calendar)

————————

CATHERINE JOHNSON,

Plaintiff-Appellant,

versus

STATE OF LOUISIANA, through the Louisiana Board of Supervisors for the Louisiana State University Agricultural and Mechanical College,

Defendant-Appellee.

———————————————————————————————————————

Appeal from the United States District Court
For the Eastern District of Louisiana
01-CV-191-C, 01-CV-1560

———————————————————————————————————————

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant, Catherine Johnson, appeals the district court's grant of summary judgment to

Appellee, State of Louisiana, on her racial discrimination claim under Title VII of the 1964 Civil

Rights Act. 42 U.S.C. § 2000e-2(a). We AFFIRM the district court's grant of summary judgment.

————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I

Johnson is an African-American woman who works at the Medical Center of Louisiana at New Orleans ("MCLNO"). Johnson alleges that during 1999, MCLNO failed to promote her to Account Manager 1, Administrative Manager 3, and Administrative Manager 4 due to her race. She contends that she was qualified for all three positions, but MCLNO awarded the jobs to less qualified Caucasian applicants by manipulating civil service rules.

The MCLNO Department of Human Resources ("HR") requested a Certificate of Eligibles from the Louisiana Department of Civil Service for the Account Manager 1 position. Certificate of Eligibles 46802 was issued, listing the names of MCLNO employees who had received the requisite test score for the position. Johnson's name did not appear on the certificate, therefore, MCLNO did not consider her for the position. MCLNO ultimately awarded the position to Timothy Hitt. Hitt, a Caucasian male, and Lois Dorsay, an African-American female, were the only two names on the certificate.

During that same month, MCLNO authorized the hiring of two Caucasian women, Jacqueline Donellon and Rose Klein, for temporary restricted appointments in Accountant Supervisor 1 positions. Neither candidate was employed by the state civil service at the time, and upon discovering that neither had the requisite accounting class credits, MCLNO reassigned them both to restricted Administrative Manager 3 positions. Johnson inquired about an Administrative Manager 3 position,[1] but did not formally apply for it once she learned it was temporary.[2] During 1999, MCLNO did not

---

[1]Elizabeth Malhiet stated that Johnson expressed interest in the Administrative Manager 3 position, but Malhiet told her it was a temporary position.

[2]Johnson does not contend that she inquired about the Administrative Manager 3 positions occupied by Donellon or Klein.

-2-

appoint any permanent Administrative Manager 3 in the Patient Billing and Receivables section.

MCLNO posted an opening for the position of Administrative Manager 4 in the Patient Billing and Receivables section. Johnson was included on the Certificate of Eligibles because she had previously qualified and applied for the position. The Director of Patient Services/Admissions and Registration, Elizabeth Malhiet, stated in her affidavit that Johnson inquired about the Administrative Manager 4 position. Malhiet stated that she offered to interview Johnson, but Johnson declined after learning the position was a temporary restricted appointment. MCLNO hired Carl Stephen Wagner, a Caucasian male.

## II

In a Title VII racial discrimination action, the complainant must establish a *prima facie* case that the employer discriminated against her. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). To establish *prima facie* that MCLNO failed to promote her because of race, Johnson must demonstrate: (1) she belongs to a protected class; (2) she sought and was qualified for the promotion; (3) she was denied the promotion; and (4) the position she sought was filled by someone outside the protected class. *See Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002) (*citing St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993)).

If the complainant satisfies this initial burden, there is a presumption of discrimination. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). The respondent then bears the burden of production and must articulate a legitimate, nondiscriminatory reason for not promoting the employee. *See id.* If the respondent fails to offer a legitimate reason for its decision, the complainant's *prima facie* establishment is sufficient to defeat

the motion for summary judgment. If, on the other hand, the respondent proffers a legitimate and nondiscriminatory motive, the complainant must offer evidence to show the proffered motive is merely a pretext for discrimination. *See, e.g., Shackelford*, 190 F.3d at 404. The complainant can prove pretext "directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Burdine*, 450 U.S. at 256 (*construing McDonnell Douglas*, 411 U.S. at 804-05). If the complainant is able to show pretext, summary judgment is improper as she has raised material issues of genuine fact. If she cannot show pretext, however, her *prima facie* case fails and summary judgment is warranted.

A grant of summary judgment is reviewed *de novo*, and we apply the same criteria as the district court. *See, e.g., Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002); *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403 (5th Cir. 1999) (*citing Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). We will reverse a district court's grant of summary judgment only if we determine that the pleadings, affidavits, and other evidence establish that there is a genuine issue of material fact. *Shackelford*, 190 F.3d at 403. In reviewing the record, we view the facts in the light most favorable to the non-moving party. *Blow v. City of San Antonio*, 236 F.3d 293, 296 (5th Cir. 2001).

A

To establish a *prima facie* case of racial discrimination, Johnson must satisfy all four requirements of the *McDonnell Douglas* test. Our inquiry need go no further than the second prong because Johnson was not qualified for the Account Manager 1 position.

Pursuant to state civil service policy, MCLNO must request a Certificate of Eligibles for

permanent jobs rated at GS-15 or higher.   The certificate serves to facilitate the hiring process by listing those state employees who meet the minimum requirements for the position.  In addition, an employee seeking a promotion must  ensure she is qualified for the position, which could include taking any necessary civil service exams, and must submit a timely application.

There was a Certificate of Eligibles for the Account Manager 1 position, which was ultimately filled by Hitt.  Johnson's name did not appear on the certificate because she had not yet obtained the requisite test score.  Johnson asserts that by promoting Hitt,  MCLNO discriminated against her.  She alleges that her test score of 95 was higher than Hitt's, and thus, she was more qualified for the position.  Johnson did not obtain the requisite test score, however, until August of 1999.  In *Lindsey v. Prive Corp.*, 987 F.2d 324, 327 (5th Cir. 1993), we placed the burden on the employee to demonstrate that she was objectively qualified for the position.  *See also Oden v. Oktibbeha County*, 246 F.3d 458, 469 (5th Cir. 2001).  Because Johnson had not received the necessary test score by March of 1999, she was not objectively qualified for the Account Manager 1 position. The fact that Johnson ultimately achieved the requisite test score is irrelevant, and her comparison to Hitt is misguided.  Because she did not meet the objective requirements, Johnson's name did not appear on the Certificate of Eligibles.  Furthermore, Johnson did not submit her application until five months after Hitt filled the position.  As a result MCLNO had no reason to consider her for the Account Manager 1 position in March of 1999.

By failing to show she was objectively qualified for the position or that MCLNO had reason to consider her for the promotion, Johnson cannot establish a *prima facie* case.  Therefore, we affirm the district court's grant of summary judgment regarding the Account Manager 1 position.

B

The district court found that Johnson established a *prima facie* case of discrimination regarding the Administrative Manager 3 position. While it is unclear from the record whether Johnson actually applied for the position so as to satisfy the second prong of *McDonnell Douglas*, the issue is not dispositive in the instant case. The district court proceeded on the notion that Johnson *had* applied for the Administrative Manager 3 position, but nonetheless granted summary judgment for MCLNO. We agree.

To trigger a Title VII inquiry for failure to promote, the employment action at issue must be of a nature that tends to adversely affect the employee. *See, e.g., Oden*, 246 F.3d at 468 (*citing Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 708 (5th Cir. 1997)). An adverse effect could be demonstrated by showing the decision amounted to an "ultimate employment decision," *see Oden*, 246 F.3d at 468, which includes such actions as "hiring, granting leave, discharging, promoting, and compensating." *Dollis v. Rubin*, 77 F.3d 777, 782 (5th Cir. 1995) (*citing Page v. Bolger*, 645 F.2d 227, 233 (4th Cir. 1981)). MCLNO asserts that the Administrative Manager 3 position was a temporary position and, therefore, it did not constitute a promotional opportunity for Johnson as she already held a permanent position.

To meet its burden, MCLNO need only articulate a legitimate, nondiscriminatory reason. *Thornbrough v. Columbus and Greenville R.R. Co.*, 760 F.2d 633, 639 (5th Cir. 1985) (*citing Burdine*, 450 U.S. at 257-58). We agree that because Johnson held a permanent position and the position at issue lasted for only three months and Johnson would not have received the Civil Service benefits that she received as a permanent employee, this was not an "ultimate employment decision."[3]

---

[3]We do not consider whether a move from a permanent position to a temporary position could, in some hypothetical situation, be a promotion. There is simply no evidence in this case supporting that conclusion. Nor do we need to decide the circumstances under which a move from a temporary position to a permanent position constitutes

*Accord Von Zuckerstein v. Argonne National Lab.*, 984 F.2d 1467, 1474 (7th Cir. 1993) (concluding no denial of promotion, in part, because of the "temporary nature" of many of the assignments). By asserting that the Administrative Manager 3 position was temporary and, therefore, not an ultimate employment decision, MCLNO has satisfied its burden of production, and Johnson must show the proffered reason was a pretext for discrimination.

Johnson alleges the Administrative Manager 3 position was intended to become a permanent position and that MCLNO awarded the jobs to Donellon and Klein to circumvent the civil service rules. However, Johnson has offered no evidence to support her allegations. In fact, the record indicates the jobs *were* temporary as Donellon and Klein each occupied the position for a relatively brief period[4] and MCLNO did not hire any permanent Administrative Manager 3 in the Patient Billing and Receivables section during 1999. To rebut MCLNO's asserted nondiscriminatory motive, Johnson must prove that MCLNO's proffered reason is false. This requires Johnson to show that the position objectively qualifies as a promotion. Johnson's "subjective preference" for one position over another is not enough. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). By making conclusory statements and unsupported allegations, Johnson has not carried her burden of proof. *See, e.g.*, *Faruki v. Parsons S.I.P., Inc.*, 123 F.3d 315, 321 n.4 (5th Cir. 1997); *EEOC v. Exxon Shipping Co.*, 745 F.2d 967, 976 (5th Cir. 1984) (*citing Elliott v. Group Med. & Surgical Serv.*, 714 F.2d 556, 566 (5th Cir. 1983)). Therefore, the district court properly granted summary judgment regarding Administrative Manager 3.

---

a promotion. Rather, we conclude only that Johnson did not prove that her move to a temporary position from her permanent position would have been a promotion.

[4]HR records show Donellon and Klein each occupied the temporary Administrative Manager 3 position for approximately three months.

C

The parties do not dispute whether Johnson was qualified for the Administrative Manager 4 position. In fact, her name appeared on the Certificate of Eligibles and she was subsequently granted an interview. However, MCLNO alleges the position was temporary and the evidence does not rebut this contention. Wagner was promoted to Administrative Manager 4 on June 14, 1999, and he vacated the position on July 30, 1999. During 1999, MCLNO did not hire a permanent Administrative Manager 4 in the Patient Billing and Receivables section. Because the position was temporary, it does not constitute an ultimate employment decision under Title VII, and summary judgment is appropriate.

Even if we were to find that the Administrative Manager 4 position did constitute a promotional opportunity, however, Wagner was substantially more qualified than Johnson. "Basing a promotion decision on an assessment of qualifications will almost always qualify as a legitimate, nondiscriminatory reason" sufficient to rebut appellant's *prima facie* case. *Scales v. Slater*, 181 F.3d 703, 712 (5th Cir. 1999). Wagner was clearly more qualified than Johnson as he possessed a master's degree in business administration and had served as Chief Financial Officer for four different hospitals. This is not to say that Johnson could not qualify based on her professional experience or other attributes, but she does not offer evidence to prove she was "clearly better qualified" than Wagner. *Price*, 283 F.3d at 723 (*citing EEOC v. La. Office of Cmty. Servs.*, 47 F.3d 1438, 1444 (5th Cir. 1995)). Without such proof, we will not second-guess MCLNO's decision. *See Thornbrough*, 760 F.2d at 647. Because Johnson fails to show pretext regarding the Administrative Manager 4 position, we affirm summary judgment.

III

Because Johnson has failed to satisfy her burden of proof regarding the Account Manager 1, Administrative Manager 3, and Administrative Manager 4 positions, we AFFIRM the district court's grant of summary judgment.