United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 26, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 04-30288
Summary Calendar

---

ROSEMARY WOOTEN,

Plaintiff-Appellant,

versus

ST. FRANCIS MEDICAL CENTER,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:02-CV-2521-M

---

Before JOLLY, HIGGINBOTHAM, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Rosemary Wooten filed an employment discrimination suit against St. Francis Medical Center, seeking declaratory and injunctive relief for alleged violations of Title VI of the Civil Rights Act[1] and the Family and Medical Leave Act.[2]  During the course of the proceedings, the district court granted St. Francis's

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]42 U.S.C. § 2000e, et seq.

[2]29 U.S.C. § 2601, et. seq.

motion to compel discovery of Wooten's medical history. The court subsequently dismissed all of her claims on summary judgment. Wooten appeals both of the district court's decisions. We affirm.

I

Wooten, a black female, worked in the patient access area of St. Francis Medical Center until she was discharged in May 2002. Her complaint focuses on two incidents that occurred at the hospital prior to her discharge. First, as the hospital was undergoing renovations in April 2002, Wooten was transferred from an office to a small office that had formerly been used as a storage closet. She alleges that she was transferred because a white co-worker requested her office space. Second, on May 2, 2002, she complained to her supervisor, Sandra Arnold, that two security guards had sexually harassed her. Despite Wooten's request that Arnold keep the matter secret, Arnold investigated Wooten's allegations and spoke with the guards and another woman who was present during part of the alleged harassment. Arnold also ordered the security guards not to enter the patient access area unless motivated by security concerns. A few days later, the two guards resigned their employment and turned in their equipment.[3]

Wooten's employment at St. Francis was terminated just over two weeks later, on May 17. Wooten filed suit, alleging that her discharge was motivated by gender and racial discrimination. She

_____

[3]In her brief, Wooten also states that the guards were suspended.

2

also alleged that her move from an office to a storage closet was discriminatory. St. Francis denied that her firing was motivated by her race or gender, asserting instead that her disruptive behavior and refusal to follow orders motivated her termination. The district court agreed with St. Francis and dismissed her claims on summary judgment.

II

Wooten raises three arguments on appeal. First, she contends that the court improperly resolved issues of contested fact in ruling on St. Francis's motion for summary judgment. Second, she asserts that the court used an improper test to evaluate her claim of gender-based discrimination. Finally, she argues that the district court erred in compelling discovery of her medical history over the prior fifteen years.

Wooten's first argument -- that the district court improperly resolved facts in St. Francis's favor -- is without merit. Although she lists a series of facts in her brief that she claims were disputed by the parties, she fails to explain why these allegedly disputed facts were material or how they affected the district court's decision. The district court dismissed her claims on summary judgment because she failed to state a prima facie case that the alleged harassment by her co-workers had created a hostile work environment. "To establish an actionable claim of sexual harassment in the workplace, a plaintiff must demonstrate: (1) That she belongs to protected class; (2) that she was subject to

3

unwelcome sexual harassment; (3) that the harassment was based on sex; (4) that the harassment affected a 'term, condition or privilege of employment'; and (5) that the employer either knew or should have known of the harassment and failed to take prompt remedial action."[4] The district court concluded that St. Francis immediately investigated her claims of harassment and promptly took remedial action against the offending employees. Wooten offers no argument disputing the court's conclusion, and indeed appears to concede in her reply brief that she cannot prevail on a hostile work environment claim.

Recognizing that the court did not err in its harassment analysis, Wooten next argues that the court should have analyzed her claim as a disparate treatment claim. She offers two arguments. First, she asserts that she was treated differently from the other individuals involved in the harassment incident. Second, she argues that her work area was relocated to a storage closet because a white female desired her workspace. Neither argument is persuasive.

Wooten's first argument is in actuality a claim that St. Francis retaliated against her for filing a complaint of sexual harassment. Title VII provides in pertinent part that "it shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has made a

---

[4]*DeAngelis v. El Paso Mun. Police Officers Ass'n*, 51 F.3d 591, 593 (5th Cir. 1995).

charge . . . under this subchapter."[5]  Wooten, however, failed to include the retaliation claim in her Complaint, and she stipulated to the district court that she was not raising a claim for retaliation under Title VII.  Thus, the retaliation claim is not properly before us.

Even were we to consider the issue, Wooten has failed to state a prima facie case of retaliation.  To state a prima facie case of retaliation, a plaintiff must show (1) that she engaged in activity protected by title VII; (2) that the employer took adverse employment action against the employee; and (3) that a causal connection exists between that protected activity and the adverse employment action.[6]  In the present case, Wooten offered no evidence supporting the third prong of this test.  St. Francis, moreover, offered substantial evidence that her termination was motivated by legitimate, non-retaliatory reasons, evidence which Wooten failed to rebut.  As a result, Wooten's retaliation claim must fail.

Her discrimination claim based on her office move is similarly unpersuasive.  To prevail on a claim of gender discrimination, a plaintiff must demonstrate (1) that she is a member of a protected class, (2) that she was qualified for the position, (3) that she suffered an adverse employment action, and (4) that she was either

_____

[5]42 U.S.C. § 2000e-3(a).

[6]*Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 42 (5th Cir. 1992).

5

replaced by someone outside the protected class or treated less favorably than a person outside the protected class.[7]    Even assuming that the first two prongs of this test are satisfied, Wooten fails to satisfy either the third or fourth element.  The record indicates that Wooten initially worked in a five-by-ten foot cubicle in a room with four other employees.  When the hospital was renovated, she was temporarily moved to an office, and then subsequently to another small office that was once used for storage.  Her supervisor, a white female, was moved into the neighboring office, which was similarly converted from a storage area.  The office move does not constitute an "adverse employment action" under our precedent.[8]  Moreover, Wooten offers nothing to indicate that the change in her work area was motivated by racial or gender considerations.  Wooten's discrimination claim, therefore, fails.

Wooten's final argument is that the district court erred in granting St. Francis's motion to compel discovery of fifteen years of her medical history.  Given that the district court properly dismissed her claims on summary judgment and that Wooten never

---

[7]*Urbano v. Cont'l Airlines, Inc.*, 138 F.3d 204, 206 (5th Cir. 1998).

[8]*See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642, 657 (5th Cir. 2002) ("Adverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating."); *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 708 (5th Cir. 1997); *Dollis v. Rubin*, 77 F.3d 777, 781-82 (5th Cir. 1995).

6

complied with the court's order compelling production of her medical records, we find it unnecessary to consider this issue.

AFFIRMED.